29 A.3d 313 (2011)
422 N.J. Super. 387
Dean SMITH, on behalf of himself and all others similarly situated, Plaintiff-Appellant,
v.
HUDSON COUNTY REGISTER and Willie J. Flood, in his capacity as the Hudson County Register, and Hudson County, through the Hudson County Board of Chosen Freeholders, Defendants-Respondents.
Jeff Zeiger, on behalf of himself and all others similarly situated, Plaintiff-Appellant,
v.
Hudson County Register and Willie J. Flood, in his capacity as the Hudson County Register, and Hudson County, through the Hudson County Board of Chosen Freeholders, Defendants-Respondents.
No. A-4113-09T3, A-4114-09T3.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 2011.
Decided April 25, 2011.
*314 Sander D. Friedman argued the cause for appellants (Friedman Doherty, LLC, attorneys; Wesley G. Hanna, West Berlin, on the brief).
Steven L. Menaker argued the cause for respondents (Chasan Leyner & Lamparello, PC, attorneys; Mr. Menaker, of counsel; Kirstin Bohn, Secaucus, on the brief).
Before Judges LISA, SABATINO, and ALVAREZ.
The opinion of the court was delivered by
SABATINO, J.A.D.
These back-to-back appeals, which we hereby consolidate for purposes of this opinion, stem from our opinion in Smith v. Hudson County Register, 411 N.J.Super. 538, 988 A.2d 114 (App.Div.2010). In Smith, we held that under the then-existing version of the Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 to -13, public entities could not lawfully charge a blanket fee of $0.25 per page to copy records if that rate exceeded the actual costs of such copying. Id. at 562-70, 988 A.2d 114. Although we denied retrospective relief to *315 the plaintiffs, we remanded Smith and two companion appeals to the trial court to address plaintiffs' claims for counsel fees under N.J.S.A. 47:1A-6.
The focus of the present appeals is the trial court's post-remand denial of counsel fees to plaintiff Dean Smith, who substantially prevailed in the prior appeal, and to another plaintiff, Jeff Zeiger, who had similar claims pending against the same Hudson County defendants. For the reasons that follow, we affirm in part, and reverse and remand in part.

I.
As our published opinion reflects, Smith brought a class action in the Law Division under OPRA, contesting as excessive the charges collected by defendants, the Hudson County Register and Hudson County, for copying public records. Smith, supra, 411 N.J.Super. at 547, 988 A.2d 114. Smith had paid $0.25 per page to make copies of government records on self-serve photocopiers located at the office of the Hudson County Register. He alleged that the $0.25 per-page rate charged was exorbitant and contrary to OPRA. Ibid.
The trial court declined to certify the class and dismissed Smith's claims because Smith, in the court's estimation, had voluntarily paid for the copies. Id. at 547-48, 988 A.2d 114. After the court dismissed Smith's case, Zeiger, represented by the same law firm, filed an identical class action.
Smith appealed the dismissal, and the trial court stayed Zeiger's case pending that appeal. Smith's appeal was calendared with two other similar appeals brought by other plaintiffs, who were likewise represented by the same law firm, against other counties (Hunterdon and Sussex) that had allegedly overcharged for copying. Id. at 548-51, 988 A.2d 114.
We reversed the trial court's decision in Smith and held that Hudson County's $0.25 per-copy charges violated OPRA because they were not based upon actual costs. Id. at 562-70, 988 A.2d 114. Our decision was made prospective, and took effect on July 1, 2010. Id. at 572, 988 A.2d 114. We deconsolidated the appeals, and remanded the cases to the trial courts in the respective counties for determinations regarding attorney's fees. Id. at 573, 988 A.2d 114.
Defendants filed a motion for summary judgment in both the remanded Smith matter and in Zeiger. Smith opposed the defense motion for summary judgment and moved for consolidation of the two matters, injunctive relief, an accounting, an incentive award, and attorney's fees. Zeiger also apparently filed a cross-motion to consolidate.
On May 5, 2010, the trial court granted defendants' motion for summary judgment, and denied Smith's motions to consolidate and for injunctive relief and attorney's fees. The court also dismissed Zeiger's complaint. The court concluded that neither Zeiger nor Smith were "prevailing parties" under OPRA, N.J.S.A. 47:1A-6, and were not, therefore, entitled to attorney's fees.
On September 10, 2010, the Legislature enacted A-559, which amended OPRA to set copying costs for letter-size pages at $0.05 per page. See N.J.S.A. 47:1A-5(b) (as amended, eff. Nov. 9, 2010). The amendment makes it unnecessary for public entities to perform yearly accountings to determine their "actual costs" of copying. Ibid.
Smith and Zeiger appeal. They argue that the trial court erred in not considering them "prevailing parties" entitled to counsel fees under N.J.S.A. 47:1A-6. They further argue that the trial court erred in depriving them of other remedies, *316 including an accounting by Hudson County of its average "actual costs" of copying between July 1, 2010 (the effective date of the holding in Smith) and November 9, 2010 (the effective date of the amendment to N.J.S.A. 47:1A-5(b)).

II.
The counsel fee issue before us is governed by N.J.S.A. 47:1A-6. That provision within OPRA prescribes:

A person who is denied access to a government record by the custodian of the record, at the option of the requestor, may:
institute a proceeding to challenge the custodian's decision by filing an action in Superior Court which shall be heard in the vicinage where it is filed by a Superior Court Judge who has been designated to hear such cases because of that judge's knowledge and expertise in matters relating to access to government records; or
in lieu of filing an action in Superior Court, file a complaint with the Government Records Council established pursuant to section 8 of P.L.2001, c. 404 (C.47:1A-7).
The right to institute any proceeding under this section shall be solely that of the requestor. Any such proceeding shall proceed in a summary or expedited manner. The public agency shall have the burden of proving that the denial of access is authorized by law. If it is determined that access has been improperly denied, the court or agency head shall order that access be allowed. A requestor who prevails in any proceeding shall be entitled to a reasonable attorney's fee.

[N.J.S.A. 47:1A-6 (emphasis added).]
Defendants argue that Smith and Zeiger were not prevailing parties entitled to counsel fees under N.J.S.A. 47:1A-6 because they were not denied "access" to public records. Rather, plaintiffs were provided copies of the records they requested, albeit at rates that this court's published opinion ultimately found to be improper under OPRA. According to defendants, a plaintiff in an OPRA action can only recover counsel fees when the public entity refuses to turn over requested materials and forces the requestor to litigate in order to get them. The trial court accepted that argument. We do not.
Subject to certain categorical exceptions provided by statute or court rule, New Jersey courts abide by the American rule that all parties in civil litigation pay their own legal fees. R. 4:42-9. The fee-shifting provision within OPRA, N.J.S.A. 47:1A-6, constitutes such an exception to the American rule.
OPRA declares that government records should be "readily accessible for inspection, copying, or examination[.]" N.J.S.A. 47:1A-1. The statute provides that if a person is denied access to non-exempted records by a custodian of records, the requestor may file an action in Superior Court or file a complaint with the Government Records Council ("GRC"). N.J.S.A. 47:1A-6, -7. If access has been "improperly denied," the court or agency shall order access. Ibid. "A requestor who prevails in any proceeding shall be entitled to a reasonable attorney's fee." Ibid.
The fee-shifting element of OPRA is based upon significant public policies. In New Jerseyans for a Death Penalty Moratorium v. New Jersey Department of Corrections, 185 N.J. 137, 152, 883 A.2d 329 (2005), the Supreme Court first considered how and why attorney's fees are recoverable in an OPRA case. The Court pointedly observed that, without the fee-shifting provision of N.J.S.A. 47:1A-6,

*317 the ordinary citizen would be waging a quixotic battle against a public entity vested with almost inexhaustible resources. By making the custodian of the government record responsible for the payment of counsel fees to a prevailing requestor, the Legislature intended to even the fight.
[Ibid. (internal citations omitted).]
To be entitled to such counsel fees under OPRA, a plaintiff must be a prevailing party in a lawsuit, or in an administrative action before the GRC, that was brought to enforce his or her access rights. The notion of a "prevailing party" under fee-shifting statutes and court rules is a well-established concept. See Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 443-44, 771 A.2d 1194 (2001); Teeters v. Div. of Youth & Family Servs., 387 N.J.Super. 423, 904 A.2d 747 (App.Div.2006), certif. denied, 189 N.J. 426, 915 A.2d 1049 (2007).
In Teeters, supra, 387 N.J.Super. at 431-33, 904 A.2d 747, an OPRA case, we considered the two-part test developed in Packard-Bamberger for determining whether a person was a prevailing party entitled to attorney's fees. "The first prong requires that the litigant seeking fees establish that the lawsuit was . . . a `necessary and important' factor in obtaining the relief." Teeters, supra, 387 N.J.Super. at 431, 904 A.2d 747 (quoting Packard-Bamberger, supra, 167 N.J. at 444, 771 A.2d 1194). The second prong requires that the relief sought have some basis in law. Teeters, supra, 387 N.J.Super. at 432, 904 A.2d 747. The party does not need to obtain all relief sought, but there must be a resolution that "affect[s] the defendant's behavior towards the prevailing plaintiff." Ibid.
A plaintiff may qualify as a prevailing party, and thereby be entitled to a fee award, by taking legal action that provides a "catalyst" to induce a defendant's compliance with the law. Two recent cases reinforce the "catalyst" principle.
In D. Russo, Inc. v. Township of Union, 417 N.J.Super. 384, 386-87 (App.Div.2010), the Township of Union enacted an ordinance restricting sexually-oriented businesses which the plaintiffs then challenged under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, and the New Jersey Constitution. The Township amended the ordinance twice, and ultimately repealed it pending the plaintiffs' lawsuit, but prior to any final judicial determination. D. Russo, supra, 417 N.J.Super. at 386-87, 9 A.3d 1089. The plaintiffs claimed that their complaint was the "catalyst" for repeal, and moved for an award of attorney's fees as "prevailing parties" under the New Jersey Civil Rights Act. Id. at 387, 9 A.3d 1089. The trial court denied attorney's fees because the plaintiffs were not prevailing parties, and the plaintiffs appealed. Id. at 388, 9 A.3d 1089.
We reversed the trial court in D. Russo, holding that the plaintiffs would be entitled to counsel fees as prevailing parties if they could show that they were a catalyst in bringing about the Township's rescission of the illegal ordinance. We held that a "prevailing party" would be entitled to attorney fees if that party brought about a voluntary change in the defendant's conduct. Id. at 389, 9 A.3d 1089. Such a prevailing party must demonstrate a nexus between the litigation and the relief ultimately achieved, and show that the relief secured had some basis in law. Id. at 389-90, 9 A.3d 1089. To rule otherwise would allow a defendant to change its behavior at the eleventh hour and still escape the obligation to pay attorney's fees, even though the plaintiff's complaint was the catalyst for the change. See id. at 392, 9 A.3d 1089.
*318 Likewise, in Jones v. Hayman, 418 N.J.Super. 291, 13 A.3d 416 (App.Div. 2011), we applied catalyst principles to a fee claim arising out of a class action involving prison conditions. The plaintiffs' complaint challenged the legality of the defendants' practices in transferring female inmates to the previously all-male New Jersey State Prison ("NJSP"). After the plaintiffs obtained a preliminary injunction to restrain such transfers, the defendants ended the practice, and transferred the female inmates out of the NJSP. The lawsuit was then dismissed as moot. Id. at 303, 13 A.3d 416. We held, as in D. Russo, that the defendants' decision to take corrective measures did not necessarily deprive the plaintiffs of an award of counsel fees under the applicable statutory fee-shifting provisions. Jones, supra, 418 N.J.Super. at 305, 13 A.3d 416. Instead, we remanded the matter and instructed that the trial court reexamine whether the plaintiffs were entitled to fees for acting as a catalyst to induce the defendants' change of practices. Ibid.
Applying these standards, Smith is a prevailing party in this litigation, in at least two significant respects, and he is thereby entitled to counsel fees under N.J.S.A. 47:1A-6.
First, Smith succeeded in persuading this court to reject defendants' invocation of the "volunteer rule" as a procedural bar to his OPRA action. Smith, supra, 411 N.J.Super. at 551-54, 988 A.2d 114. If we had ruled otherwise, the volunteer rule would have posed a major impediment to the enforcement of public rights of access under OPRA. The rule would have required citizen requestors who were quoted excessive copying charges to refuse to pay the charges and await the outcome of litigation before they would receive the desired copies of the records. People with an immediate need for the copies would thereby be discouraged from challenging the illegality of the fees. By convincing this court to overturn the application of the volunteer rule, Smith enhanced the right of access not only for himself, but also for other citizens. He undoubtedly prevailed in that aspect of his lawsuit.
Second, Smith, as well as the other plaintiffs in the prior consolidated appeal, prevailed in persuading this court to adopt their interpretation of N.J.S.A. 47:1A-5(b), i.e., presumptively limiting copying charges to the government agency's "actual costs" of copying. Smith, supra, 411 N.J.Super. at 570, 988 A.2d 114. We explicitly adopted the "burden-shifting" construction proffered by Smith and the other appellants to harmonize the "actual costs" language of N.J.S.A. 47:1A-5(b) with the fee schedule that also appeared in that former version of the statute. In the course of our analysis of the statute, we noted that the wording of N.J.S.A. 47:1A-5(b) was "murky" as to whether agencies were required to charge a fee based on actual costs or whether they could rely on the specified fee schedule. Smith, supra, 411 N.J.Super. at 570, 988 A.2d 114. By successfully advocating their construction of the law, Smith and the other appellants were a catalyst for change. They were decidedly prevailing parties.
We reject defendants' argument that Smith is not entitled to counsel fees because he was offered physical access to the records that he sought. That argument ignores the reality that Smith wanted more than a chance to inspect the records at the County's offices; he also wanted to obtain copies of those records to take for his own use. The right of copying is no less important under OPRA than the right of inspection. Both rights are manifestly subsumed in what is termed "access."
We do not read the Supreme Court's decision in Mason v. City of Hoboken, 196 *319 N.J. 51, 76, 951 A.2d 1017 (2008), cited by defendants, to hold to the contrary. If anything, Mason endorses the use of a catalyst theory to support an award of fees under OPRA, by upholding such awards where plaintiffs who have been denied the access assured to them under the statute demonstrate a "factual causal nexus" between their legal action and the result achieved, and that the relief they obtained has "a basis in law." Ibid.
Moreover, excessive copying charges can, in practice, thwart a citizen's right to access public records under OPRA. We recognized that barrier in Libertarian Party of Central New Jersey v. Murphy, 384 N.J.Super. 136, 139, 894 A.2d 72 (App.Div.), certif. granted, remanded on other grounds, 188 N.J. 487, 909 A.2d 723 (2006), in holding that an inordinately high copying fee can illegally burden the right of access guaranteed by OPRA. Even though a $0.25 charge might not be "excessive" for copying a one-page document, that per-page rate could be a burdensomeperhaps even a prohibitiveprice for a citizen to obtain voluminous government records. See Smith, supra, 411 N.J.Super. at 569-70, 988 A.2d 114 (holding that a copying fee must be reasonable and should not be designed to discourage access to government records).
Defendants also contend that it is inappropriate here to compel them to pay counsel fees because they had been behaving according to a reasonable interpretation of the statute, and there was no willful violation of OPRA. To be sure, we recognized in our published opinion that defendants' interpretation of the statute was plausible, and that the legislatively-intended meaning of N.J.S.A. 47:1A-5(b) was "not entirely free from doubt." Smith, supra, 411 N.J.Super. at 570, 988 A.2d 114. For that equitable reason, we made our decision prospective only, relieving defendants of the financial exposure to potential retrospective damages and class action relief. Id. at 572, 988 A.2d 114. However, we explicitly reserved the issue of counsel fees for further consideration by the trial court. Id. at 573, 988 A.2d 114. Now that those fee issues have been fully briefed and argued, it is clear that a fee award is warranted for Smith in this case. The statute does not restrict fee-shifting to instances of willful violations. Rather, "[a] requestor who prevails in any proceeding shall be entitled to a reasonable attorney's fee." N.J.S.A. 47:1A-6 (emphasis added).
We reach a different conclusion as to Zeiger's claim of prevailing-party status. Although Zeiger likewise filed suit against defendants, doing so after Smith's complaint was dismissed, his case was stayednotably at his own requestonce Smith filed an appeal. Zeiger did not participate in the appeal. In essence, his dormant lawsuit amounted to a provisional filing in the event that Smith was unsuccessful on appeal. Under these particular circumstances, we agree with the trial court's conclusion that Zeiger was not a prevailing party entitled to counsel fees under N.J.S.A. 47:1A-6. Unlike Smith, Zeiger has not demonstrated a sufficient causal nexus to be deemed a catalyst to the change in defendants' copying-fee schedule.
In sum, the trial court erred in denying Smith an award of reasonable counsel fees under N.J.S.A. 47:1A-6. The case is accordingly remanded to determine the amount of such fees, applying the usual standards of reasonableness dictated by Rule 4:42-9 and case law. See, e.g., Rendine v. Pantzer, 141 N.J. 292, 317, 661 A.2d 1202 (1995).[1]
*320 We concur, however, with the trial court's denial of additional relief to plaintiffs, such as an injunction or an accounting. There was no need for an injunction to implement the "actual costs" holding set forth in our published opinion, which had the force of precedent. Moreover, the Legislature's intervening amendment of N.J.S.A. 47:1A-5(b), to specify a uniform and lower copying rate, supersedes the core "actual costs" aspect of our decision.
In addition, we discern no reason to compel defendants to perform an accounting of their actual costs and actual charges for the brief, five-month interval from July 1, 2010 to the amendment of N.J.S.A. 47:1A-5(b) in November 2010. The complaints of Smith and Zeiger only alleged facts predating July 1, 2010. There is no pleading alleging that plaintiffs were again overcharged after the effective date of our opinion.[2] The trial court's denial of relief other than counsel fees is consequently affirmed.
To the extent they have not already been addressed in this opinion, the other points raised on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).
Affirmed in part, reversed in part, and remanded for a determination of Smith's reasonable counsel fees consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Consistent with the approach taken in our published opinion in Smith, supra, 411 N.J.Super. at 573, 988 A.2d 114, and pursuant to the last sentence of Rule 2:11-4, we refer to the trial court the issue of Smith's appellate counsel fees.
[2] For sake of completeness, we note that, at oral argument before us, defendants' counsel represented that the County reduced its per-page copying rate at some point after our opinion and before the new legislation took effect.