NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5422-14T4

SCOTT KENNEDY,

 Plaintiff-Appellant/
 Cross-Respondent,

v.

MONTCLAIR CENTER CORPORATION
BUSINESS IMPROVEMENT DISTRICT,

 Defendant-Respondent/
 Cross-Appellant.
___________________________________

 Argued February 14, 2017 – Decided November 27, 2017

 Before Judges Ostrer, Leone and Vernoia.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No.
 L-0924-13.

 Richard Gutman argued the cause for
 appellant/cross-respondent.

 Dominic P. DiYanni argued the cause for
 respondent/cross-appellant (Eric M. Bernstein
 & Associates, LLC, attorneys; Mr. DiYanni, of
 counsel and on the briefs).

 The opinion of the court was delivered by

OSTRER, J.A.D.
 The main issue in this appeal is whether the Open Public

Records Act (OPRA) entitles plaintiff to counsel fees he incurred

to secure a declaratory judgment that OPRA applies to defendant,

after defendant already satisfied his document request. We

conclude that OPRA's fee provision does not extend that far. We

rely on the statute's plain language, its fundamental purpose to

provide access to government records, and supporting caselaw.

 As we reviewed the facts in our prior opinion, declaring

defendant subject to OPRA, we need not do so here. Kennedy v.

Montclair Center Corp. Business Improvement Dist., No. A-4591-12

(App. Div. June 24, 2014), certif. denied, 220 N.J. 269 (2015).

Suffice it to say that shortly after plaintiff filed his OPRA

complaint, defendant provided plaintiff copies of the documents

he requested at the five-cents-a-page charge consistent with

N.J.S.A. 47:1A-5(b). Kennedy, supra, slip op. at 3-5. However,

defendant continued to deny it was a "public agency," see N.J.S.A.

47:1A-1.1, that was required to promulgate an OPRA form, see

N.J.S.A. 47:1A-5(f), and appoint an OPRA custodian, N.J.S.A.

47:1A-1.1. Id., slip op. at 5-6. So, plaintiff persisted in his

lawsuit. Ibid. We ultimately reversed the trial court, and

declared defendant was a public agency under OPRA. Id., slip op.

at 16.

 2 A-5422-14T4
 But we did not address plaintiff's right to fees. Id., slip

op. at 6 n.3. That issue dominated the proceedings on remand.

Plaintiff sought attorney's fees of $156,866.50 and court costs

of $2,070.03. He incurred only $8,039.50 of that by the time he

received the documents. He contended that even if he were limited

to fees through the receipt of the documents, he was entitled to

$8,039.50, plus a thirty-five percent contingency enhancement of

$2,813.82. The trial court found that plaintiff was not entitled

to fees for work after he received the documents. The court then

reduced the fee award to $6000 without explanation.

 On appeal, plaintiff argues he is entitled to the more than

$145,000 in fees he incurred after he obtained the documents. Even

if he were not entitled to those fees, he challenges the court's

reduction to $6000. Defendant cross-appeals, contending plaintiff

was not entitled to any fees at all.

 Plaintiff's appeal requires us to construe N.J.S.A. 47:1A-6,

which (1) authorizes "[a] person who is denied access to a

government record by the custodian of the record" to seek relief

in Superior Court or before the Government Records Council (GRC);

and (2) mandates the award of "a reasonable attorney's fee" to "a

requestor who prevails in any proceeding . . . ." We interpret a

statute de novo. State v. Revie, 220 N.J. 126, 132 (2014).

 3 A-5422-14T4
 Plaintiff principally contends that "any proceeding"

encompasses post-access proceedings such as those here, to obtain

a declaration that an entity is a public agency obliged to appoint

a custodian and to promulgate a form. We disagree.

 The section begins by authorizing a "person who is denied

access to a government record" to seek relief from the courts or

the GRC. The provision then addresses who may bring such actions;

the proceeding's summary nature; who has the burden of proof; the

right to an order to compel access; and, finally, the right to

fees. N.J.S.A. 47:1A-6 states in full:

 A person who is denied access to a government
 record by the custodian of the record, at the
 option of the requestor, may:

 institute a proceeding to challenge the
 custodian's decision by filing an action in
 Superior Court which shall be heard in the
 vicinage where it is filed by a Superior Court
 Judge who has been designated to hear such
 cases because of that judge's knowledge and
 expertise in matters relating to access to
 government records; or

 in lieu of filing an action in Superior Court,
 file a complaint with the Government Records
 Council established pursuant to section 8 of
 P.L. 2001, c. 404 (C. 47:1A-7).

 The right to institute any proceeding under
 this section shall be solely that of the
 requestor. Any such proceeding shall proceed
 in a summary or expedited manner. The public
 agency shall have the burden of proving that
 the denial of access is authorized by law. If
 it is determined that access has been

 4 A-5422-14T4
 improperly denied, the court or agency head
 shall order that access be allowed. A
 requestor who prevails in any proceeding shall
 be entitled to a reasonable attorney's fee.

 [N.J.S.A. 47:1A-6 (emphasis added).]1

 Plaintiff contrasts the reference to "any proceeding" in the

section's last sentence, which authorizes fees, with the reference

to "any proceeding under this section" and "any such proceeding"

in the last paragraph's first two sentences. He argues that those

two sentences refer to actions to secure access, based on the

section's introductory sentence, which authorizes lawsuits or

proceedings "by a person denied access." Since the reference to

"any proceeding" in the last sentence is unqualified, he contends

the Legislature intended to encompass proceedings designed to

achieve relief other than access, such as the declaration of OPRA

coverage he secured here. Notably, prior versions of the

legislation stated that "[a] requestor who prevails in any

proceeding instituted under this section shall be entitled to

1
 Defendant places undue weight on the codified section's title,
"Proceeding to challenge denial of access to record." A statute's
enacted title may illuminate the Legislature's intended meaning
of an ambiguous provision. See Sayreville v. Pennsylvania R. Co.,
26 N.J. 197, 206 (1957); Fasching v. Kallinger, 211 N.J. Super.
26, 45 (App. Div. 1986). However, the legislation, as finally
passed by the Legislature and reflected in the Advance Law, does
not contain the sectional titles. See Advance Law, L. 2001, c.
404, approved January 8, 2002; see also State v. Darby, 246 N.J.
Super. 432, 440-41 (App. Div.), certif. denied, 126 N.J. 342
(1991); N.J.S.A. 1:1-6.

 5 A-5422-14T4
taxed costs, and may be awarded a reasonable attorney's fee."

Assembly Bill No. 1309 (Second Reprint) § 7, 209th Legislature

(March 27, 2000) (emphasis added). However, a later Senate

amendment deleted "instituted under this section" and mandated a

reasonable fee award. Assembly Bill No. 1309 (Fourth Reprint) §

7, 209th Legislature (May 3, 2001). The enacted bill retained

this change. L. 2001, c. 404, § 7.2

 We reject plaintiff's interpretation. We begin with the

section's plain language, because if the language is clear, our

task is complete. In re Kollman, 210 N.J. 557, 568 (2012). The

right to fees expressly belongs to "a requestor." N.J.S.A. 47:1A-

6; see also Mason v. City of Hoboken, 196 N.J. 51, 76 (2008) ("We

therefore hold that requestors are entitled to attorney's fees

under OPRA . . . ." (emphasis added)). For purposes of securing

a fee award, a party plainly ceases being a "requestor" after he

or she obtains full access to documents. Thus, "any proceeding"

in which a "requestor . . . prevails," is one in which access is

achieved.3 That access can be achieved as a result of, or in

2
 Although embodied in section 7 of the chapter law, the provision
is codified at N.J.S.A. 47:1A-6.
3
 Even when obtaining access, a requestor must show a connection
between that relief and the lawsuit, to demonstrate that the
requestor prevailed and is entitled to fees. The "catalyst theory"

 6 A-5422-14T4
conjunction with, other relief, such as a declaration that an

agency is subject to OPRA. See, e.g., Paff v. N.J. State Firemen's

Ass'n, 431 N.J. Super. 278 (App. Div. 2013) (reversing trial

court's determination that association was not a public agency and

dismissing complaint for access).4 But, a party who pursues

additional relief after obtaining access does so as someone other

than a "requestor."

 Certainly, a hypothetical plaintiff who sought only a

declaratory judgment that an entity was a public agency, without

also requesting documents, would be ineligible for fees according

to the section's plain language. Such a plaintiff would not be a

"requestor." The result should be no different for plaintiff

here, who started out being a requestor, obtained the documents

requested at the copying fee he maintained applied, but then

persisted in seeking the same declaratory relief as our

hypothetical plaintiff.

 We shall not divorce the final sentence from the section as

a whole. "[I]n fulfilling our responsibility in interpreting

legislation, 'we must not be guided by a single sentence or member

describes that requisite showing. See Mason, supra, 196 N.J. at
76. We address the theory below.
4
 Notably, in Paff, the defendant both refused to acknowledge OPRA
coverage and refused to release certain requested records. 431
N.J. Super. at 285; see also N.J.S.A. 47:1A-10.

 7 A-5422-14T4
of a sentence, but [should] look to the provisions of the whole

law, and to its object and policy.'" Waterfront Comm'n of N.Y.

Harbor v. Mercedes-Benz of N. Am., Inc., 99 N.J. 402, 414 (1985)

(quoting Richards v. United States, 369 U.S. 1, 11, 82 S. Ct. 585,

591, 7 L. Ed. 2d 492 499 (1962)). N.J.S.A. 47:1A-6 pertains to

the right of "[a] person who is denied access" to secure access

by bringing "a proceeding" in Superior Court or before the GRC.

The section then makes clear that only "the requestor" has the

right to institute "any proceeding under this section," using that

phrase to encompass both of the just-described proceedings, namely

those to gain access in the Superior Court or in the GRC. Ibid.

The section then requires expedition of "[a]ny such proceeding,"

again including both a proceeding to gain access in the Superior

Court and in the GRC. Ibid. The section then mandates fees to a

requestor who prevails in "any proceeding." Ibid.

 There is no reason to read "any proceeding" in that sentence

to refer to anything other than what was referenced by "any

proceeding under this section" or "any such proceeding," namely a

proceeding to gain access in the Superior Court or in the GRC.

Ibid. The entire section pertains to the nature of such an access-

seeking proceeding, and specifies the relief obtainable - an order

compelling access. We are satisfied that "any proceeding," in

accord with the rest of the section, consists only of one seeking

 8 A-5422-14T4
access, alone or in conjunction with other relief, before the

Superior Court or the GRC, as authorized by N.J.S.A. 47:1A-6.

 We must also read N.J.S.A. 47:1A-6 "in context with related

provisions so as to give sense to the legislation as a whole."

DiProspero v. Penn, 183 N.J. 477, 492 (2005). A review of OPRA

shows that it explicitly provides for no proceeding other than the

one for access authorized in N.J.S.A. 47:1A-6. Thus, there is no

other proceeding the Legislature would have referenced other than

the proceeding for access it authorized in N.J.S.A. 47:1A-6.5

Defendant concedes that a proceeding to obtain access under

N.J.S.A. 47:1A-6 is the only proceeding OPRA authorizes, but he

nonetheless contends that the last sentence refers to any action

brought by a requestor. Defendant's position reads the last

sentence too broadly, and takes it out of context of the section

and the act.

5
 We need not address the extent to which a citizen may have an
implied right of action to enforce non-access-related aspects of
OPRA through a declaratory judgment action. Cf. In re N.J.
Firemen's Ass'n Obligation to Provide Relief Applications Under
Open Public Records Act, 443 N.J. Super. 238, 252-59 (App. Div.
2015) (holding that custodians do not have an implied private
right of action under OPRA to seek declaratory judgment under
OPRA), rev'd on other grounds, 230 N.J. 258 (2017). Even if a
citizen has a right to bring a proceeding the Legislature did not
expressly envision, there is no reason to believe the Legislature
envisioned granting fees in such a proceeding.

 9 A-5422-14T4
 We do not discern a contrary intent expressed by the

legislative amendment of the last sentence. The "under this

section" language was unnecessary to limit the fee awards to a

denial-of-access proceeding. That is the only type of proceeding

in the section and in the act, and only a "requestor" is entitled

to fees. Notably, neither the committee reports (nor other

legislative materials brought to our attention) express an

intention to mandate fees for proceedings in which the initiating

party no longer seek access.

 We acknowledge the potential salutary effect of securing a

declaration that OPRA covers an entity that denied it was covered,

even after access is provided. It may assure future compliance

with OPRA mandates, as opposed to relying on voluntary

accommodations. However, "OPRA's purpose is to maximize public

knowledge about public affairs in order 'to ensure an informed

citizenry and to minimize the evils inherent in a secluded

process.'" Mason, supra, 196 N.J. at 64-65 (quoting Asbury Park

Press v. Ocean Cnty. Prosecutor's Office, 374 N.J. Super. 312, 329

(Law Div. 2004)). That knowledge is secured under OPRA through

access to documents. Id. at 78 ("The statute is designed . . .

to promote prompt access to government records . . . .").

Furthermore, the fee provision is designed "[t]o ensure that the

average citizen is not deterred from challenging an agency's

 10 A-5422-14T4
decision [denying access] due to the financial risk involved

. . . ." In re N.J. Firemen's Ass'n Obligation to Provide Relief

Applications Under the Open Public Records Act, 230 N.J. 258, 276

(2017).

 The fee provision is not designed to incentivize private

attorneys general to bring any action to enforce other aspects of

OPRA. The Supreme Court has interpreted the fee provision in a

way to avoid "more aggressive litigation tactics and fewer efforts

at accommodation." Mason, supra, 196 N.J. at 78. As we recently

observed in Stop & Shop Supermarket Co. v. Cnty. of Bergen, 450

N.J. Super. 286 (App. Div. 2017), OPRA does not create an

entitlement to attorney's fees in all cases:

 Our Supreme Court in Mason . . . emphasized
 such an entitlement could "upend the
 cooperative balance OPRA strives to attain,"
 give plaintiffs "an incentive to file suit"
 to obtain "an award of attorney's fees," and
 give agencies "reason not to disclose
 documents voluntarily." "OPRA cases designed
 to obtain swift access to government records
 would end up as battles over attorney's fees."

 [Ibid. (quoting Mason, supra, 196 N.J. at 78-
 79).]

 Although we have not previously addressed the precise issue

presented here, our caselaw is consistent with the result we reach.

In Stop & Shop, supra, 450 N.J. Super. at 289, the plaintiff sought

a declaratory judgment that the county government denied it access

 11 A-5422-14T4
to certain documents, although the plaintiff eventually obtained

access in response to a subsequent request. We held the OPRA

litigation was moot "because [the plaintiff] already received the

documents it sought." Id. at 292. The plaintiff's request for

fees did not change that analysis. We reasoned: "To be entitled

to such counsel fees under OPRA, a plaintiff must be a prevailing

party in a lawsuit . . . that was brought to enforce his or her

access rights." Ibid. (quoting Smith v. Hudson Cnty. Register,

422 N.J. Super. 387, 393 (App. Div. 2011)). We noted that the

defendants "voluntarily produced the records before" the plaintiff

sued; thus the plaintiff was not a prevailing party under section

6. Id. at 293.

 Plaintiff here contends that Smith, supra, supports his

position that his access to documents did not cut off eligibility

for fees. We disagree. After Smith obtained requested documents,

he persisted in litigation over the copying fees the defendant

charged. He ultimately prevailed in establishing they exceeded

the level OPRA allowed. We held he was entitled to fees for that

subsequent stage of litigation. We did so because the defendant

was still denying access to the documents by charging copying

"rates . . . improper under OPRA." 422 N.J. Super. at 392-93.

"Excessive copying charges can, in practice thwart a citizen's

right to access public records under OPRA." Id. at 397.

 12 A-5422-14T4
 Plaintiff had a similar claim but only until defendant

provided the documents to plaintiff at five cents a page, as

plaintiff demanded. Plaintiff was entitled to a reasonable fee

to achieve that access under N.J.S.A. 47:1A-6, but that section

did not authorize fees for further litigation after access was

given. While plaintiff's continued post-access litigation may

indirectly promote future requestors' access rights, plaintiff had

already prevailed in vindicating his.

 In sum, the trial court correctly denied plaintiff's claim

for fees that he incurred after he obtained access to the requested

documents, at the per-page copying charge he contended applied.

 We turn next to the issue of the fees incurred before

plaintiff achieved access. Plaintiff contends the court

improperly reduced the amount without justification. Defendant

contends on cross-appeal that plaintiff was entitled to nothing,

as it did not really deny access to him at all. As to these

issues, we agree with plaintiff.

 Adopting the "catalyst theory", the Mason Court held:

 [R]equestors are entitled to attorney's fees
 under OPRA, absent a judgment or an
 enforceable consent decree, when they can
 demonstrate: (1) "a factual causal nexus
 between plaintiff's litigation and the relief
 ultimately achieved"; and (2) "that the relief
 ultimately secured by plaintiffs had a basis
 in law."

 13 A-5422-14T4
 [Mason v. City of Hoboken, 196 N.J. 51, 76
 (2008) (quoting Singer v. State, 95 N.J. 476,
 494 (1984)).]

 The trial court here noted that defendant insisted upon

providing access to the requested documents at a twenty-cents-a-

page copying charge, until plaintiff filed suit. Then, defendant

relented and provided the copies at the generally applicable five-

cents-a-page rate. See N.J.S.A. 47:1A-5(b). The court recognized

it had not resolved whether defendant was entitled to charge twenty

cents a page. See N.J.S.A. 47:1A-5(c). Still, the court found

that "plaintiff has established a causal nexus" between its lawsuit

and the five-cents-a-page copying charge.

 On appeal, defendant renews its argument that plaintiff was

obliged to demonstrate that it effectively denied access by

charging an unlawful copying rate. We disagree. Defendant's

argument would essentially require a decision on the merits of the

issue that the settlement or voluntary disclosure was intended to

avoid. Mason rejects that view by requiring the two-part showing

described above.

 We defer to the trial court's finding of a causal nexus,

which was well-supported in the record. See Rendine v. Pantzer,

141 N.J. 292, 317 (1995) (stating that appellate courts will

disturb a trial court's fee determinations "in the rarest

occasions, and then only because of a clear abuse of discretion").

 14 A-5422-14T4
Defendant did not coincidentally lower its copying rate after the

suit was filed. It lowered its rate because the suit was filed,

even if its asserted motivation was to reduce litigation costs.

See Smith, supra, 422 N.J. Super. at 394 (stating that a party

must demonstrate that the lawsuit was a "necessary and important"

factor in obtaining relief) (quoting Teeters v. Div. of Youth &

Family Servs., 387 N.J. Super. 423, 432 (App. Div. 2006)).

 As for the second prong, although the trial court did not

expressly address it, we are satisfied that the relief "had some

basis in law." The five-cents-a-page copying rate is the general

standard. N.J.S.A. 47:1A-5(b).6 Defendant would have borne the

burden to demonstrate grounds for deviating from that. See Smith

v. Hudson Cnty. Register, 411 N.J. Super. 538, 572 (App. Div.

2010), superseded on other grounds by statute, L. 2010, c. 75, §

5. In sum, we shall not disturb the trial court's determination

6
 Public agencies are required to charge five cents a page, or
their actual costs, if higher. N.J.S.A. 47:1A-5(b). Defendant
admitted that its costs of materials and supplies were less than
five cents a page. Adding its labor costs allegedly increased its
costs over that amount. But, labor costs are not a permissible
consideration in calculating actual costs under N.J.S.A. 47:1A-
5(b), except as provided by N.J.S.A. 47:1A-5(c). That subsection
allows an agency to exceed the five-cents-a-page rate if it can
show that as a result of "the nature, format, manner of collation
or volume of a government record," the document "cannot be
reproduced by ordinary document copying equipment in ordinary
business size or involves an extraordinary expenditure of time and
effort . . . ." Ibid.

 15 A-5422-14T4
that plaintiff prevailed in securing access to the requested

documents by obtaining defendant's reduction of the copying costs

to five cents a page, and was entitled to a reasonable fee incurred

to achieve that result.

 However, we cannot affirm the court's reduction of the

requested fee to $6000 without explanation. The court was obliged

to determine the lodestar fee, and then determine whether that

amount should be adjusted. New Jerseyans for a Death Penalty

Moratorium v. N.J. Dep't of Corr., 185 N.J. 137, 153 (2005);

Rendine, supra, 141 N.J. at 337. The court was also required to

set forth its findings with sufficient detail to enable appellate

review. See Curtis v. Finneran, 83 N.J. 563, 569-70 (1980); R.

1:7-4. We are constrained to remand for those purposes, and to

vacate the $6000 award.

 Affirmed in part; vacated and remanded in part. We do not

retain jurisdiction.

 16 A-5422-14T4