**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5231-16T2

280 ERIE STREET, LLC,

     Plaintiff-Respondent,

v.

CITY OF JERSEY CITY,
ROBERT BYRNE, in his
official capacity as City Clerk
for the City of Jersey City; and
SEAN J. GALLAGHER, in his
official capacity as Deputy City
Clerk for the City of Jersey City,

     Defendants-Appellants.

_____

Argued January 7, 2019 – Decided May 16, 2019

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-5122-15.

John A. McKinney, III, Assistant Corporation Counsel, argued the cause for appellants (Jeremy A. Farrell, Corporation Counsel, Jersey City Law Department, attorney; John A. McKinney, III, on the brief).

Jorge R. de Armas argued the cause for respondent (Waters, McPherson, McNeill, PC, attorneys; Daniel E. Horgan, of counsel; Jorge R. de Armas, of counsel and on the brief).

PER CURIAM

In the midst of long-standing, contentious litigation, plaintiff 280 Erie Street, LLC, sought government records from defendant, the City of Jersey City, pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and the common law right-to-know. We detailed some of the litigation history between the parties in 280 Erie Street, LLC v. City of Jersey City, No. A-4421-15 (App. Div. July 24, 2018).[1]

In the litigation that gave rise to that appeal, plaintiff challenged the City's adoption of Ordinance 15.125, which, among other things, authorized the issuance of bonds to acquire the property of plaintiff and related entities. Id. slip op. at 2. Plaintiff alleged "the ordinance violated the Local Bond Law[], N.J.S.A. 40A:2-1 to -64," in part, because "the City failed to seek guidance from

---

[1] We cite this unpublished opinion under the exception to Rule 1:36-3 that permits citation "to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law." See Badiali v. N.J. Mfrs. Ins. Grp., 429 N.J. Super. 121, 126 n.4 (App. Div. 2012), aff'd, 220 N.J. 544 (2015).

A-5231-16T2

the [Department of Community Affairs,] Division of Local Government Services" (DCA). Id. slip op. at 6.

On October 1, 2015, while the challenge to the ordinance was pending in the Law Division, plaintiff requested government records from the City in twenty-four categories, including: bills, invoices, vouchers and requests for payment from two attorneys the City retained in connection with the acquisition; communications between the City and the county improvement authority regarding certain bond issuances; all communications between the City and DCA regarding the ordinance; opinion letters from the City's bond counsel; and communications between the City and other governmental and non-governmental agencies regarding funding mentioned in the ordinance. The City Clerk's office failed to respond until October 15, when it requested an extension and asked plaintiff to clarify certain requests. Plaintiff agreed to an extension, providing the City would not "object to the request itself on any ground."

The City served partial responses on October 22. It asserted some records required further review because they might be subject to attorney-client privilege and an additional service charge. It asked for further clarification of some requests, claimed there were no responsive records to others, and said it was still conducting its search in four categories. Plaintiff paid the service

charge under protest, further clarified some requests, agreed to extend the deadline to November 2, 2015, and requested certifications pursuant to our holding in Paff v. New Jersey Department of Labor, 392 N.J. Super. 334 (App. Div. 2007).[2]

On November 3, and again on November 19, 2015, plaintiff sought updates on the status of the open requests. The City's attorney responded, indicated it was taking longer than expected, suggested further fees might be due, and sought clarification. The dispute continued over additional charges, with plaintiff again requesting assurances that it would receive the documents without exception if it paid additional fees.

On December 17, 2015, plaintiff filed a verified complaint asking the court to order the City to provide all responsive records, Paff certifications as necessary, and a privilege log as to any record for which the City was asserting privilege, as well as counsel fees and costs, and the refund of charges already paid. The City ostensibly provided a privilege log, one day after the deadline plaintiff set in correspondence, and a Paff certification from the Deputy Clerk.

---

[2] In Paff, we provided guidance for government agencies responding to requests for government records when the agency asserts there are no responsive records, they are privileged or they have been destroyed. 392 N.J. Super. at 341.

The parties appeared before the Law Division judge on March 3, 2016. After hearing argument, and reciting the procedural history to date, the judge concluded the City's certification was insufficient under Paff, and the City had therefore violated OPRA. The judge's conforming order required the City to conduct a de novo review for all records requested, submit any record over which it was asserting privilege for in camera review, secure all responsive records in possession of outside counsel, conduct searches of individual electronic devices (official and personal) of more than one dozen City officials and department heads and Paff certifications from those officials as necessary. The judge ordered plaintiff to file a certification for fees and costs if there were no further objection to the City's responses.

The City subsequently asserted privilege over some records, and the judge conducted an in camera review. He made his ruling in an October 2016 written statement of reasons, affirming the privilege in some instances and not in others.

Plaintiff filed a motion to enforce litigant's rights claiming the City failed to comply with provisions of the March 2016 order. Among other things, the judge ordered those individuals working for the City and listed in the March 2016 order who "ha[ve] failed to undertake a search of electronic files, . . . submit a certification detailing the responsive party's non-compliance to

5

plaintiff within [thirty-five] days . . . ." He entered a conforming order on March 8, 2017.

Plaintiff moved for attorneys' fees and costs, requesting $53,172.70. The judge conducted a review and rendered an oral opinion on June 23, 2017. He entered an order reducing the requested amount to $42,037.50. The order "resolve[d] all issues as to all parties . . . ."

The City appeals, asserting three points. First, the City contends for the first time on appeal that plaintiff's original request was "overly broad." "For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'" State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). We faithfully hew to this limitation "unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

Without question the City could have challenged the breadth of plaintiff's record request in the trial court, but it never did. Instead, the City's argument was that it had responded or was responding to the requests appropriately. It

was not for the judge to conclude sua sponte that plaintiff's request was overbroad when the City did not lodge an objection. Had the City objected, we would have the ability to conduct appropriate appellate review of the reasons for the judge's decision. We therefore refuse to consider the point further.

The City also argues for the first time that the judge erred "by expanding the scope of the [plaintiff's] original [record] request." Here, too, the City could have objected to the judge's decision to compel a de novo search based upon the inadequacy of the original Paff certification, which we agree was inadequate. However, while the City argued the certification was adequate, it did not object to the judge's order that it now claims "expanded" the request to include Paff certifications from numerous City officials and searches outside the original record request. Instead, it ultimately furnished additional certifications.

Lastly, the City challenges the judge's award of fees and costs, arguing the total amount of time plaintiff's counsel allegedly spent securing the relief was unreasonable, the certification provided was inadequate and plaintiff acted in bad faith. We disagree and affirm.

"To be entitled to . . . counsel fees under OPRA, a plaintiff must be a prevailing party in a lawsuit . . . that was brought to enforce his or her access rights." Stop & Shop Supermarket Co. v. Cty. of Bergen, 450 N.J. Super. 286,

292 (App. Div. 2017) (quoting Smith v. Hudson Cty. Register, 422 N.J. Super. 387, 393 (App. Div. 2011)). "'[F]ee determinations by trial courts will be disturbed only on the rarest of occasions,' because a 'trial court [is] in the best position to weigh the equities and arguments of the parties[.]'" New Jerseyans for a Death Penalty Moratorium v. N.J. Dep't of Corr., 185 N.J. 137, 152 (2005) (first and second alterations in original) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444, 447 (2001)). "Because 'the critical factor is the degree of success obtained,' '[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee[.]'" Id. at 154 (first alteration in original) (first quoting Silva v. Autos of Amboy, Inc., 267 N.J. Super 546, 556 (App. Div. 1993), then quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)).

Here, the judge found plaintiff "obtain[ed] a high degree of success" regarding its request, and that the City's failure to provide adequate Paff certifications prolonged the litigation. The judge carefully reviewed the request for fees, and considered the City's opposition. We can find no mistaken exercise of the court's broad discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5231-16T2