**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0239-21

CHARLIE KRATOVIL,

     Plaintiff-Appellant,

v.

CITY OF NEW BRUNSWICK,
LESLIE R. ZELEDON, in her
official capacity as Municipal
Clerk and Records Custodian
of the City of New Brunswick,
and J.T. MILLER in his official
capacity as Deputy Director
and Public Information
Officer of the New Brunswick
Police Department,

     Defendants-Respondents.

_____

Argued June 8, 2022 – Decided July 13, 2022

Before Judges Gilson, Gooden Brown, and Gummer.

On appeal from the Superior Court of New Jersey, Law
Division, Middlesex County, Docket No. L-2005-21.

Walter M. Luers argued the cause for appellant (Cohn Lifland Pearlman Herrmann & Knopf, LLP, attorneys; Walter M. Luers, on the briefs).

Nicole M. Grzeskowiak argued the cause for respondents (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Nicole M. Grzeskowiak, of counsel and on the brief).

PER CURIAM

This appeal arises out of requests for information about crimes in the City of New Brunswick (the City) made under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. Plaintiff Charlie Kratovil submitted five OPRA requests seeking information required to be produced under subsection 3(b) of N.J.S.A. 47:1A-3 (3(b) Information). The City provided some information but withheld other information, asserting it was protected as part of an investigation in progress.

Plaintiff appeals from an August 9, 2021 final order denying his request to compel the City to disclose additional information and thereby dismissing his summary action under OPRA. Because the City asserted that the investigation related to only certain crimes, we affirm in part, reverse in part, and remand for further proceedings.

A-0239-21

I.

The material facts were not in dispute and were set forth in certifications, including confidential certifications submitted in camera to the trial court and this court. Plaintiff publishes "New Brunswick Today," a free newspaper reporting on issues in the City, including crimes.

In February and March 2021, plaintiff submitted five OPRA requests to the City's police department seeking information about aggravated assaults. Plaintiff explained he was particularly interested in assaults involving shootings. Two of plaintiff's requests sought 3(b) Information for all aggravated assaults that occurred in January and February 2021 in the City. Plaintiff's other requests sought the same 3(b) Information concerning incidents that occurred on specific dates at specific locations in the City. In that regard, plaintiff identified incidents for which he was seeking information and which he believed had occurred on specific dates in January, February, and March 2021.

The City, through a designated person in the police department, responded by providing some information but withheld other 3(b) Information. In response to the requests seeking information concerning all aggravated assaults in January and February 2021, the City provided two spreadsheets listing eight incidents in January 2021 and fifteen incidents in February 2021. For each

3

incident identified, the lists provided the case number, date of the incident, the address where the crime occurred, and the criminal charges related to the crime. The lists did not provide all 3(b) Information because it excluded information concerning the weapon involved, if any; whether there had been an arrest; information about the victims and suspects; and information about the investigating law-enforcement personnel. In response to the specific aggravated assaults identified by plaintiff, the City responded in emails providing some information but excluded other 3(b) Information. In its responses, the City did not state that it was withholding information, nor did it explain the grounds for withholding certain information.

On April 1, 2021, plaintiff filed a summary action under OPRA in the Law Division seeking to compel the City to provide the additional information required to be disclosed under N.J.S.A. 47:1A-3(b). In addition to the City, plaintiff named as defendants two City employees who were responsible for responding to OPRA requests.

After the City filed its answer, the trial court held a hearing on June 8, 2021. At the hearing, the City asserted that it had withheld certain 3(b) Information because that information was protected from disclosure due to an investigation in progress. At the conclusion of the hearing, the trial court

directed the City to submit certifications and information for an in-camera review so that the court could determine if there were grounds for withholding some of the 3(b) Information.

On August 9, 2021, after conducting an in-camera review, the trial court issued an order denying plaintiff's request to compel the City to provide any additional information. Although the court did not expressly state that its order was a final order, the order effectively dismissed plaintiff's OPRA complaint and summary action.

The trial court also issued a short statement of reasons concerning its rulings. Without explanation, the court concluded that the City had appropriately invoked an exemption from disclosure under N.J.S.A. 47:1A-3(b) to justify the withholding of certain information concerning aggravated assaults that occurred on eight days: January 2, 3, 14, 27, and 29, 2021; February 5 and 22, 2021; and March 19, 2021 (collectively, the Eight Days). Concerning the "remaining incidents," the trial court concluded without explanation that the City had "provided information which complies with the requirements of OPRA and no further disclosure on these incidents will be required." The statement of reasons did not identify how many incidents the court was referencing when it

said the "remaining incidents." Plaintiff now appeals from the August 9, 2021 order.

## II.

On appeal, plaintiff argues that information concerning crimes are public records under OPRA and the trial court should have ordered the City to disclose more information about those crimes. Plaintiff also argues that the trial court did not set forth sufficient findings of facts and conclusions of law to support its rulings.

"[D]eterminations about the applicability of OPRA and its exemptions are legal conclusions and are therefore subject to de novo review." Simmons v. Mercado, 247 N.J. 24, 38 (2021) (alteration in original) (quoting In re N.J. Firemen's Ass'n Obligation, 230 N.J. 258, 273-74 (2017)). The trial court reviewed the confidential appendix submitted in camera by the City and concluded that an exemption under N.J.S.A. 47:1A-3(b) applied. Because that was a legal conclusion, we review the question of the applicability of the OPRA exemption de novo. O'Shea v. Twp. of W. Milford, 410 N.J. Super. 371, 379 (App. Div. 2009).

The City has provided us with the in-camera materials submitted to the trial court. Accordingly, we have reviewed the essentially undisputed facts in

A-0239-21

those materials and can apply the law to those facts. Indeed, in its brief on this appeal, the City requested us to conduct a review of the materials it submitted in camera.

"OPRA is designed to give members of the public 'ready access to government records' unless the statute exempts them from disclosure." Rivera v. Union Cnty. Prosecutor's Off., 250 N.J. 124, 140-41 (2022) (quoting Barnett v. Cnty. of Bergen, 198 N.J. 408, 421 (2009)). The purpose of OPRA is "to maximize public knowledge about public affairs in order to ensure an informed citizenry and to minimize the evils inherent in a secluded process." N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 229 N.J. 541, 555 (2017) (quoting Mason v. City of Hoboken, 196 N.J. 51, 64 (2008)).

A "[g]overnment record" has been broadly defined by OPRA to include any record "made, maintained or kept on file in the course of his or its official business by any officer, commission, agency or authority of the State or of any political subdivisions thereof," or any record "received in the course of his or its official business by any such officer, commission, agency or authority of the State or of any political subdivision thereof." N.J.S.A. 47:1A-1.1. In subsection 3 of OPRA, the Legislature directed that certain "information concerning a criminal investigation shall be available to the public within [twenty-four] hours

or as soon as practicable, of a request for such information[.]" N.J.S.A. 47:1A-3(b). That subsection goes on to provide that where a crime has been reported but no arrest has been made, the information to be disclosed includes "the type of crime, time, location and type of weapon, if any[.]" Ibid. If an arrest has been made, OPRA requires additional information be disclosed, including information about victims, any person arrested, the identity of investigating and arresting personnel, the circumstances immediately surrounding the arrest, and circumstances concerning bail. Ibid.

Subsection 3 also provides an exemption from disclosure of certain protected information. In that regard, the statute states:

> Notwithstanding any other provision of this subsection, where it shall appear that the information requested or to be examined will jeopardize the safety of any person or jeopardize any investigation in progress or may be otherwise inappropriate to release, such information may be withheld. This exception shall be narrowly construed to prevent disclosure of information that would be harmful to a bona fide law enforcement purpose or the public safety. Whenever a law enforcement official determines that it is necessary to withhold information, the official shall issue a brief statement explaining the decision.
>
> [Ibid.]

The initial question we must decide is whether the City justified withholding certain 3(b) Information on the grounds that it was protected from

A-0239-21

disclosure because it would jeopardize an investigation in progress. In the confidential certifications submitted in camera, the City explained that there was an ongoing investigation and provided sufficient information for a court to conclude that disclosing more than what the City had already disclosed could jeopardize that investigation.

Critically, however, the City made that showing concerning only incidents that occurred on the Eight Days. The certifications identified twenty other incidents and acknowledged that disclosing additional information about those incidents would not jeopardize an ongoing investigation. Indeed, the City stated that it was prepared to "voluntarily" produce that additional information. The City, however, did not simply voluntarily produce that information. Instead, it appears to have waited for the trial court to direct it to produce that information. When the trial court did not issue that direction, the City failed to provide the information it conceded was not protected from disclosure under OPRA.

Because the City itself does not try to justify the withholding of 3(b) Information concerning twenty incidents, we hold that there is no reason to withhold that additional information. Indeed, that information should have been disclosed by the City as soon as it conceded that it was not protected from disclosure. We, therefore, reverse the portion of the August 9, 2021 order that

9

concluded that the City need not provide additional information concerning those twenty incidents, which the court had referred to as "the remaining incidents." The record establishes that the trial court's conclusion concerning the "remaining incidents" was not supported by any of the information that the City had provided in camera.

Having concluded that plaintiff was entitled to additional information concerning twenty incidents, we also hold that plaintiff was a partially prevailing party under OPRA. OPRA provides that a "requestor who prevails in any proceeding shall be entitled to a reasonable attorney's fee." N.J.S.A. 47:1A-6. The statute "mandate[s], rather than permit[s], an award of attorney's fees to a prevailing party." Mason, 196 N.J. at 75. "The statute does not restrict fee-shifting to instances of willful violations." Smith v. Hudson Cnty. Registrar, 422 N.J. Super. 387, 398 (App. Div. 2011). A plaintiff is a "prevailing party" if he or she achieves the desired result because the complaint brought about a change in the custodian's conduct. Teeters v. Div. of Youth & Fam. Servs., 387 N.J. Super. 423, 432 (App. Div. 2006). This is true whether the change in the custodian's conduct was "voluntary or otherwise." Spectraserv, Inc. v. Middlesex Cnty. Utils. Auth., 416 N.J. Super. 565, 583 (App. Div. 2010).

The City has certified that it is prepared to "voluntarily produce" the required 3(b) Information for most of the aggravated assaults that took place from January to March 2021. That concession was made only after plaintiff filed his OPRA action. Consequently, plaintiff's OPRA lawsuit achieved its desired result regarding most of the information plaintiff was seeking.

We also note that, in its responses to plaintiff's OPRA requests, the City failed to comply with OPRA when it did not state that it was withholding information nor "issue a brief statement explaining the decision." See N.J.S.A. 47:1A-3(b). The City seeks to justify its inadequate responses by claiming that it was relying on past practices of how it responded to plaintiff's earlier OPRA requests. Improper past practices do not justify continuing practices that fail to comply with OPRA's express directions. Accordingly, we remand this matter and direct the trial court to conduct proceedings to determine an appropriate award of fees to plaintiff.

In summary, we hold that (1) the City justified withholding certain information concerning incidents that occurred on the Eight Days; (2) the City itself acknowledged that it was prepared to produce more information concerning twenty other incidents and, therefore, that information should be

11

A-0239-21

produced; and (3) plaintiff is entitled to a portion of his attorney's fees as a prevailing party.

Consequently, we affirm in part, reverse in part, and remand for further proceedings. On remand, the trial court should also require the City to establish through certifications whether the investigation related to the incidents on the Eight Days is still ongoing and whether there is still a justification for withholding 3(b) Information concerning those incidents. OPRA does not expressly state whether the government or officials withholding information as exempt by an ongoing investigation should disclose that information when the investigation has concluded. Nevertheless, the purpose and public policy behind OPRA would support providing relevant updates. Given the ongoing litigation of this case, we hold that while plaintiff's OPRA action was pending, including the appeal, the City had an obligation to inform plaintiff when the investigation concluded or publicly disclosed charges had been filed. Plaintiff would then have been entitled to receive the previously withheld 3(b) Information required to be provided under OPRA.

Reversed in part, affirmed in part, and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12 A-0239-21