NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.   A-2134-14T1
                      A-4630-14T1

THE STOP & SHOP
SUPERMARKET COMPANY, LLC,

     Plaintiff-Appellant/
     Cross-Respondent,

v.

THE COUNTY OF BERGEN; THE BERGEN
COUNTY PLANNING BOARD; AND THE
COUNTY OF BERGEN DEPARTMENT OF
PLANNING AND ECONOMIC DEVELOPMENT,

     Defendants-Respondents/
     Cross-Appellants.

| APPROVED FOR PUBLICATION |
| :---: |
| JUNE 14, 2017 |
| APPELLATE DIVISION |

―――――――――――――――――――――――――――――

THE STOP & SHOP
SUPERMARKET COMPANY, LLC,

     Plaintiff-Appellant,

v.

THE BERGEN COUNTY BOARD OF CHOSEN
FREEHOLDERS, THE BERGEN COUNTY
PLANNING BOARD, AND INSERRA
SUPERMARKETS, INC.,

     Defendants-Respondents.

―――――――――――――――――――――――――――――

Argued November 9, 2016 - Decided  April 6, 2017

Before Judges Ostrer, Leone, and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket Nos. L-7943-14 and L-9333-14.

John R. Edwards, Jr. argued the cause for appellant (Price, Meese, Shulman & D'Arminio, P.C., attorneys; Mr. Edwards, Gail L. Price, Kathryn J. Razin, and David J. Reich, on the briefs).

Frank P. Kapusinski, Assistant Bergen County Counsel, argued the cause for respondents the County of Bergen, the Bergen County Planning Board, and the County of Bergen Department of Planning and Economic Development (Julien X. Neals, County Counsel, attorney; Mr. Kapusinski, of counsel and on the briefs).

Edward J. Florio argued the cause for respondent the Bergen County Board of Chosen Freeholders (Florio, Kenny, Raval, L.L.P., attorneys; Mr. Florio, of counsel and on the brief; Paul Samouilidis, on the brief).

John J. Lamb argued the cause for respondent Inserra Supermarkets, Inc. (Beattie Padovano, LLC, and Wells Jaworski Liebman, LLP, attorneys; Mr. Lamb, Ira E. Weiner, and James E. Jaworski, of counsel and on the brief; Daniel L. Steinhagen, on the brief).

The opinion of the court was delivered by

LEONE, J.A.D.

Plaintiff the Stop & Shop Supermarket Company, LLC (Stop & Shop) opposed the site plan application of defendant Inserra Supermarkets, Inc. (Inserra) for the construction of a ShopRite supermarket along a county road. Stop & Shop objected to the application before defendant the Bergen County Planning Board

(County Planning Board) and then appealed its approval of the site plan to defendant the Bergen County Board of Chosen Freeholders (Board of Freeholders). When the Board of Freeholders affirmed, Stop & Shop filed a complaint in lieu of prerogative writs in the Law Division, which affirmed on May 12, 2015. Stop & Shop challenges that decision in appeal A—4630-14.

Stop & Shop filed an action for declaratory relief against the County Planning Board, defendant the County of Bergen (County), and defendant the County of Bergen Department of Planning and Economic Development (DPED) (collectively the "OPRA defendants"). Stop & Shop alleged a violation of the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. The Law Division dismissed that action on November 26, 2014. Stop & Shop challenges that decision in appeal A-2134-14. We hold that OPRA litigation is authorized to allow a party who is denied access to records to obtain access to those records, and counsel fees are authorized under OPRA if the litigation causes the production of those records. Because Stop & Shop had already obtained the records before it filed its declaratory judgment action, that action was moot and it is not entitled to counsel fees.

We listed the two appeals back-to-back and now consolidate them for the purpose of this opinion. We affirm.

[At the direction of the court, the published version of this opinion omits the discussion of appeal A-4630-14, including Part I (which sets forth the facts relevant to that appeal) and Part II (which affirms the trial court's ruling in that appeal). See R. 1:36-3.]

III.

We next consider appeal A-2134-14, concerning the dismissal under Rule 4:6-2(e) of Stop & Shop's OPRA litigation. "When we review a trial court's decision to dismiss a complaint under Rule 4:6-2(e)," including for mootness, "our review is de novo." Teamsters Local 97 v. State, 434 N.J. Super. 393, 413, 416 (App. Div. 2014).

We summarize the facts detailed in the Law Division's November 18, 2014 opinion. On July 7, 2011, Stop & Shop submitted two OPRA request forms requesting various documents relating to Inserra's site plan application. Stop & Shop received responsive documents on August 8, 2011.

On June 26, 2014, Stop & Shop submitted another OPRA request form requesting documents provided by Inserra relating to its site plan application. On July 3, 2014, Stop & Shop received additional responsive documents, including: a January 27, 2011 report to the Township Board where Inserra's professional engineer, Jay Troutman, Jr., initially proposed a traffic signal be installed at the intersection of Wyckoff and

Greenwood Avenues; a June 30, 2011 e-mail in which a County traffic engineer recommended against signalization due to "conflicting movements and a railroad crossing" just south of the intersection; and June 17, 2011 comments by the same engineer stating "[a] corridor improvement with Railroad pre-emption and signal coordination are required to be done before adding any trips to the corridor" and that "[a] traffic impact study of all the impacted intersections is required."

Stop & Shop wrote the Board of Freeholders advising it received those documents and arguing the documents should have been produced in response to its 2011 OPRA request. Stop & Shop requested, and the Board agreed, to consider these documents, which it admitted at its July 16, 2014 hearing. The Board expressly stated it considered Stop & Shop's documents when it approved Inserra's site plan application on August 20, 2014.

Two days before, on August 18, 2014, Stop & Shop filed a complaint seeking a declaratory judgment "that [the OPRA] Defendants violated Stop & Shop's rights under the Open Public Records Act" and the common law right of access. Stop & Shop also requested counsel fees. The OPRA defendants filed a motion to dismiss pursuant to Rule 4:6-2(e). On November 26, 2014, the Law Division granted the motion to dismiss, finding Stop &

Shop's action was moot because it received the documents prior to initiating its OPRA lawsuit. We agree.[1]

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). "It is firmly established that controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." N.J. Div. of Youth & Family Servs. v. W.F., 434 N.J. Super. 288, 297 (App. Div.) (quoting Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993)), certif. denied, 218 N.J. 275 (2014). "'[F]or reasons of judicial economy and restraint, courts will not decide cases in which the issue is hypothetical, [or] a judgment cannot grant effective relief[.]'" Cinque, supra, 261 N.J. Super. at 243 (citation omitted).

Here, Stop & Shop's OPRA litigation was moot before it filed its complaint because it already received the documents it sought. Under OPRA's litigation provision, "[a] person who is denied access to a government record by the custodian of the

---

[1] The Law Division also found dismissal appropriate because the complaint was "fatally time-barred" and because declaratory judgment is not "a recognized or an authorized form of relief in New Jersey" for a violation of OPRA. We need not reach these issues as the action is moot.

record, at the option of the requestor, may: institute a proceeding to challenge the custodian's decision by filing an action in Superior Court." N.J.S.A. 47:1A-6 (emphasis added). "If it is determined that access has been improperly denied, the court or agency head shall order that access be allowed." Ibid. (emphasis added). Here, access was allowed even before Stop & Shop filed suit. See, e.g., Walsh v. U.S. Dep't of Veteran Affairs, 400 F.3d 535, 536 (7th Cir. 2005) ("'[O]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot.'" (citation omitted)).[2]

Stop & Shop argues this litigation is not moot because it seeks counsel fees. Under OPRA's litigation provision, "[a] requestor who prevails in any proceeding shall be entitled to a reasonable attorney's fee." N.J.S.A. 47:1A-6. "To be entitled to such counsel fees under OPRA, a plaintiff must be a prevailing party in a lawsuit . . . that was brought to enforce his or her access rights." Smith v. Hudson Cty. Register, 422 N.J. Super. 387, 393 (App. Div. 2011). This requires either (1) records are disclosed "after the entry of some form of court

---

[2] New Jersey courts often consider cases interpreting "OPRA's federal counterpart, the Freedom of Information Act (FOIA), 5 U.S.C. § 552." See, e.g., Educ. Law Ctr. v. N.J. Dep't of Educ., 198 N.J. 274, 284 (2009).

order or enforceable settlement" granting access, or (2) "when a government agency voluntarily discloses records after a lawsuit is filed" and under the catalyst theory the plaintiff "can establish a 'causal nexus' between the litigation and the production of requested records" and "'that the relief ultimately secured by plaintiffs had a basis in law.'" Mason v. City of Hoboken, 196 N.J. 51, 57, 76-77, 79 (2008) (citation omitted). Under the common law right of access, litigants must make the same showing. Id. at 79.

Our Supreme Court in Mason refused to presume OPRA litigants are entitled to counsel fees even when records are produced after suit is filed. Id. at 78-79. The Court emphasized such an entitlement could "upend the cooperative balance OPRA strives to attain," give plaintiffs "an incentive to file suit" to obtain "an award of attorney's fees," and give agencies "reason not to disclose documents voluntarily." Id. at 78. "OPRA cases designed to obtain swift access to government records would end up as battles over attorney's fees." Id. at 79.

Here, the OPRA defendants voluntarily produced the records before Stop & Shop filed suit. Such voluntary disclosure would be discouraged if Stop & Shop is allowed to file suit to obtain counsel fees for records it has already received. In any event,

Stop & Shop did not obtain a judgment or enforceable consent decree granting it access to the records, and its filing of its lawsuit did not cause the production of the already-produced records. The Law Division properly found Stop & Shop not entitled to attorneys' fees as "Stop & Shop is not the prevailing party and this lawsuit was not the catalyst for its receipt of the requested documents."

Notably, Stop & Shop did not allege the OPRA defendants "knowingly and willfully violate[d]" OPRA and "unreasonably denied access under the totality of the circumstances." N.J.S.A. 47:1A-11(a). Nor did Stop & Shop sue for imposition of the civil penalties which OPRA authorizes for such non-disclosure. Ibid. Thus, Stop & Shop did not claim entitlement to the remedy OPRA provides for such non-disclosure.

Stop & Shop's OPRA appellate brief also argues its OPRA lawsuit is not moot because "[a] declaration in this lawsuit that the documents should have been turned over earlier could affect" its appeal of the Board of Freeholders' approval of Inserra's site plan application, as Stop & Shop plans to argue "the County's indefensible delay in producing the documents deprived it of a fair hearing and due process of law." However, Stop & Shop did not raise that argument in its subsequent appellate brief in the site plan appeal. Moreover, a

determination of whether there was an OPRA violation would be unnecessary to resolve whether Stop & Shop received a fair hearing and due process before the County Planning Board and the Board of Freeholders. Furthermore, the Board of Freeholders considered the documents in its de novo review, and we upheld its approval of the site plan application after considering those documents. Thus, this appeal is "moot" under OPRA and the common law because the "decision sought in [this] matter, when rendered, can have no practical effect on the existing controversy." Redd v. Bowman, 223 N.J. 87, 104 (2015). Stop & Shop argues we should review this moot case because "the issue is of substantial importance, likely to reoccur, but capable of evading review." Bd. of Educ. v. Kennedy, 196 N.J. 1, 18 (2008). However, none of those requirements are met here.

Stop & Shop cannot avoid the proscription against litigating moot issues by bringing its action under the Declaratory Judgment Act (DJA), N.J.S.A. 2A:16-50 to -62. The DJA provides courts have the power to determine legal issues "in a proceeding for declaratory relief, in which a judgment will terminate the controversy or remove an uncertainty." N.J.S.A. 2A:16-52. However, a "court may refuse to render or enter a declaratory judgment, when, if rendered or entered, it would not

terminate the uncertainty or controversy giving rise to the proceeding." N.J.S.A. 2A:16-61.

"[T]he remedy of a declaratory judgment is 'circumscribed by the salutary qualification that the jurisdiction of the courts may not be invoked in the absence of an actual controversy.'" Finkel v. Twp. Comm., 434 N.J. Super. 303, 318 (App. Div. 2013) (quoting N.J. Tpk. Auth. v. Parsons, 3 N.J. 235, 240 (1949)). "[W]here the issue is moot, declaratory judgment will not lie because of the absence of an actual controversy." Pressler & Verniero, Current N.J. Court Rules, comment 1.2 on R. 4:42-3 (2017); see Parsons, supra, 3 N.J. at 240. Because Stop & Shop received the records, its right to receive them "is a moot issue," and it has no "entitlement to proceed under the [DJA]." JUA Funding Corp. v. CNA Ins./Cont'l Cas. Co., 322 N.J. Super. 282, 287 (App. Div. 1999); see Cornucopia Inst. v. U.S. Dep't of Agric., 560 F.3d 673, 675-76 (7th Cir. 2009) (rejecting the argument that the "court remained free to issue a declaratory judgment that [the agency] violated FOIA" after the documents were produced).

Additionally, "[t]he right to relief under the DJA is procedural in nature; it does not create substantive rights to relief." In re N.J. Firemen's Ass'n Obligation to Provide Relief Applications Under Open Pub. Records Act, 443 N.J. Super.

238, 253 (App. Div. 2015), certif. granted, 224 N.J. 528 (2016). "A party that lacks a statutory right of action under OPRA may not obtain declaratory relief regarding its rights or obligations under OPRA." Id. at 257.

Accordingly, we affirm the Law Division's ruling to the extent it held Stop & Shop was not entitled to a declaratory judgment in this moot litigation. We need not decide the OPRA defendants' "cross-appeal that Stop & Shop lacks standing" to raise the OPRA claim.

We affirm in appeal A-2134-14 and appeal A-4630-14.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION