**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0214-19

LISA BONANNO,

     Plaintiff-Appellant,

v.

COUNTY OF UNION
NEW JERSEY,

     Defendant-Respondent.

_____

Argued January 21, 2021 – Decided July 12, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0928-19.

Steven J. Kossup argued the cause for appellant.

Courtney M. Knight argued the cause for respondent (Florio Perrucci Steinhardt & Cappelli, LLC, attorneys; Courtney M. Knight, on the brief).

PER CURIAM

Plaintiff Lisa Bonanno appeals an August 27, 2019 order dismissing, with prejudice, her complaint in lieu of prerogative writs against defendant County of Union. On appeal, she challenges the dismissal of her complaint for failure to state a claim upon which relief can be granted, R. 4:6-2(e), due to the failure to exhaust her administrative remedies. R. 4:69-5. Alternatively, plaintiff maintains the judge erred in dismissing the complaint in lieu of prerogative writs with prejudice. After careful review of the record, and in light of the applicable law, we affirm the dismissal for failure to exhaust administrative remedies. We agree, however, that dismissal with prejudice was not warranted and, therefore, remand for modification of the order of dismissal.

We discern the following facts from the limited record before us, giving plaintiff "the benefit of all [the] favorable inferences." Stubaus v. Whitman, 339 N.J. Super. 38, 52 (App. Div. 2001). In 1988, plaintiff was initially employed by defendant as a clerk, which was classified as a permanent position. From 1990 to 2007, she was continuously employed by defendant in various capacities that were purportedly deemed "temporary" because they were funded, at least partially, pursuant to the Job Training Partnership Act, 29 U.S.C. §§ 1501 to 1792(b), and its successor program, the Workforce Investment Act, 29 U.S.C.

§§ 2801 to 2945, <u>repealed by</u> the Workforce Innovation and Opportunity Act, 29 U.S.C. §§ 3101 to 3361.

In 2017, plaintiff sought to purchase past service credits in the Public Employees' Retirement System (PERS). The Division of Pensions and Benefits (the Division) requested that defendant fill out the appropriate employment verification forms for the period between 1994 and 2008. Defendant completed the forms and provided the documentation to the Division. The Division determined that plaintiff was only eligible to purchase service credits for a twelve-month period from July 1, 2007, until June 30, 2008. Plaintiff was apparently ineligible to purchase service credit from 1994 to 2007 because she was a "temporary employee" who was "employed under the federal Workforce Investment Act" and "the federal Job Training Partnership Act." N.J.S.A. 43:15A-7(h).

In October 2018, plaintiff sent defendant letters requesting an accounting of her period of employment from 1994 to 2007, and for records indicating the source of payment pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. These documents were later emailed to plaintiff's counsel.

In March 2019, plaintiff filed a complaint in lieu of prerogative writs against defendant alleging that defendant incorrectly classified her as a

temporary employee between 1994 and 2007. Plaintiff sought affirmative relief in the form of a court order requiring defendant to perform "a ministerial act or duty." Specifically, plaintiff requested an accounting to determine that the period be deemed "creditable service" and eligible for enrollment in PERS. Defendant subsequently filed a motion to dismiss for failure to state a claim upon which relief can be granted. R. 4:6-2(e). Defendant argued plaintiff failed to exhaust her administrative remedies and that the Law Division was not the proper forum.[1]

On August 27, 2019, following oral argument, the judge entered an order dismissing plaintiff's complaint in lieu of prerogative writs with prejudice. In the accompanying written opinion, the judge determined that:

> plaintiff's dispute as to her employment status and pension credits is properly [heard] before an administrative agency and not the Superior Court. . . . This type of dispute must be adjudicated before the appropriate agency. Additionally, the administrative agency permits parties to engage in discovery and[,] therefore[,] the documents that plaintiff is seeking could be part of a document request, and if they are critical and not furnished, an application may be made to the administrative tribunal.

---

[1] Defendant also argued that plaintiff's complaint was time-barred pursuant to Rule 4:69-6(a). We conclude that this argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-0214-19

We review "de novo the trial court's determination of the motion to dismiss under Rule 4:6-2(e)." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 108 (2019) (citing Stop & Shop Supermarket Co., LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017)). Such review "is limited to examining the legal sufficiency of the facts alleged on the face of the complaint," and, in determining whether dismissal under Rule 4:6-2(e) is warranted, the court should not concern itself with plaintiff's ability to prove her allegations. Printing Mart-Morristown v. Sharp Elecs, Corp., 116 N.J. 739, 746 (1989).

Pursuant to Rule 4:69-5, an action in lieu of prerogative writs "shall not be maintainable as long as there is available a right of review before an administrative agency which has not been exhausted." This requirement exists unless "it is manifest that the interest of justice requires otherwise." Ibid. Our Court has noted that:

> [T]he exhaustion of remedies requirement is a rule of practice designed to allow administrative bodies to perform their statutory functions in an orderly manner without preliminary interference from the courts. Therefore, while it is neither a jurisdictional nor an absolute requirement, there is nonetheless a strong presumption favoring the requirement of exhaustion of remedies.

5

> [Brunetti v. New Milford, 68 N.J. 576, 588 (1975) (citation omitted).]

As the motion judge implicitly recognized:

> the doctrine of exhaustion of administrative remedies serves three primary goals: (1) the rule ensures that claims will be heard, as a preliminary matter, by a body possessing expertise in the area; (2) administrative exhaustion allows the parties to create a factual record necessary for meaningful appellate review; and (3) the agency decision may satisfy the parties and thus obviate resort to the courts.

> [Atlantic City v. Laezza, 80 N.J. 255, 265 (1979).]

While we agree with the motion judge that the matter is better suited to be adjudicated before the proper administrative agency,[2] we disagree with the decision to dismiss plaintiff's complaint with prejudice. "Generally, a dismissal that is 'on the merits' of a claim is with prejudice, but a dismissal that is 'based on a court's procedural inability to consider a case' is without prejudice." Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 243 (1998) (quoting Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 415-16 (1991)). Indeed, "a dismissal for failure to state a claim is [ordinarily] without prejudice." Pressler

---

[2] "Exceptions exist when only a question of law need be resolved; when the administrative remedies would be futile; when irreparable harm would result; when jurisdiction of the agency is doubtful; or when an overriding public interest calls for a prompt judicial decision." Garrow v. Elizabeth Gen. Hosp. & Dispensary, 79 N.J. 549, 561 (1979) (citations omitted). None of these exceptions apply here.

& Verniero, <u>Current N.J. Court Rules</u>, cmt. 4.1.1 on <u>R.</u> 4:6-2(e) (2020); <u>see also</u> <u>Nostrame v. Santiago</u>, 213 N.J. 109, 128 (2013).  Accordingly, we remand to the trial judge for the limited purpose of modifying the order of dismissal to provide that plaintiff's complaint is dismissed without prejudice.

Affirmed as modified and remanded for correction of the order.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0214-19