**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0998-22

MARGARET GOODE, NICOLE
MANN, JESSICA DEQUITO,
THERESA ATWATER, and
JACQUELINE BALLINGER,

      Plaintiffs-Appellants,

and

RENA PIERCE,

      Plaintiff,

v.

CAMDEN CITY SCHOOL
DISTRICT,

      Defendant-Respondent.

_____

          Submitted January 16, 2024 – Decided March 1, 2024

          Before Judges Gilson and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law
          Division, Camden County, Docket No. L-4986-19.

Kober Law Firm, LLC, attorneys for appellants (Peter M. Kober, on the briefs).

Marshall, Dennehey, Warner, Coleman & Goggin, attorneys for respondent (Walter F. Kawalec, III, and Richard L. Goldstein, on the brief).

PER CURIAM

Plaintiffs are former teachers who worked for the Camden City School District (the District). They all resigned or requested to be placed on medical leave after receiving two consecutive poor annual performance evaluations. They appeal from a February 14, 2020 order dismissing their claims against the District because the claims were barred by principles of collateral estoppel. We affirm because essential elements of plaintiffs' claims were resolved against plaintiffs in a prior federal action.

I.

Plaintiffs in this appeal are five former tenured teachers who were employed by the District through the 2013-2014 and 2014-2015 school years.[1] In 2012, the New Jersey Legislature enacted the Teacher Effectiveness and Accountability for the Children of New Jersey Act (TEACHNJ), N.J.S.A.

---

[1] Rena Pierce settled with the District before the other five teachers filed their notice of appeal. Accordingly, plaintiffs Margaret Goode, Nicole Mann, Jessica Dequito, Theresa Atwater, and Jacqueline Ballinger are appellants.

18A:6-117 to -129.  TEACHNJ authorized school districts to develop their own evaluation rubrics to assess teachers' performances on an annual basis.  N.J.S.A. 18A:6-122.  Under the statute, the rubrics had to include four rating categories: ineffective, partially effective, effective, and highly effective.  N.J.S.A. 18A:6-123(b)(1).  Any teacher who received a partially effective rating followed by an ineffective rating the next year, or who received a partially effective rating two years in a row, could be brought up on tenure charges and might be subject to termination.  N.J.S.A. 18A:6-128; N.J.S.A. 18A:6-17.3.

In June 2013, the New Jersey Board of Education took over the operation of the Camden City Board of Education.  Thereafter, the State-appointed Superintendent of Schools adopted a new rubric to evaluate District teachers.  In the 2013-2014 and 2014-2015 school years, each plaintiff was evaluated under the new rubric and found to be partially effective.  Plaintiffs were therefore noticed that they were either being brought up on tenure charges or were being placed on administrative leave due to their low evaluation scores.  Rather than contest the charges, four of the plaintiffs resigned and one plaintiff requested and was placed on medical leave.

In June 2016, plaintiffs filed a complaint in federal court in the District of New Jersey asserting claims against the District and several individual

defendants who were involved in their evaluation processes (the Federal Action). Plaintiffs alleged that the District and its employees had used the new rubric as a pretext to discriminate against teachers who were over forty years of age.

Over the next several years, the parties engaged in motion practice and plaintiffs amended their complaint several times. During that process, plaintiffs dismissed certain claims and dismissed several individual defendants.

In their fourth and final amended complaint filed in the Federal Action, plaintiffs alleged that the District and two individual defendants had violated the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34; the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, for retaliating against activity protected by the First Amendment under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act (the CR Act), N.J.S.A. 10:6-1 to -2; the New Jersey Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14; and the New Jersey doctrine of fundamental fairness.

In May 2019, defendants moved for summary judgment, seeking to dismiss all of plaintiffs' claims in the Federal Action. On November 22, 2019, the federal court issued a written opinion and order granting defendants' motion in part and denying it in part. The court dismissed plaintiffs' ADEA claims

A-0998-22

against the District with prejudice. The federal court also dismissed plaintiffs' LAD and CEPA claims against the District without prejudice because it determined that the District was an arm of the State and was not subject to suit in federal court under the Eleventh Amendment of the Constitution.

Regarding the claims against one of the individual defendants, the federal court determined that one of the plaintiffs, Pierce, had alleged facts that allowed her claims to survive summary judgment. In contrast, the court found that the claims by all other plaintiffs were subject to dismissal on summary judgment. Specifically, the federal court found that the claims by plaintiffs Goode, Mann, Dequito, Atwater, and Ballinger should be dismissed. The court dismissed the LAD claims, finding that those plaintiffs had failed to demonstrate adverse employment actions. In addition, the court dismissed plaintiff Goode's CEPA claim, the only CEPA claim asserted in the Federal Action other than Pierce's claim, because it found that she failed to demonstrate that she engaged in a whistleblowing activity addressing a matter of public concern as required by the CEPA. Two of the plaintiffs moved for reconsideration, but the federal court denied that motion. Because the claims by Pierce were not dismissed, her claims continued to be litigated in the Federal Action.

5

In the meantime, in December 2019, plaintiffs sued the District in the Law Division, reasserting the LAD and CEPA claims that had been dismissed without prejudice in the Federal Action. The District moved to dismiss with prejudice the claims asserted on behalf of all the plaintiffs except for Pierce. Concerning Pierce's claims, the District moved to stay the Law Division action pending the resolution of Pierce's claims in the Federal Action.

On February 14, 2020, the Law Division judge entered an order dismissing the LAD and CEPA claims asserted on behalf of plaintiffs Goode, Mann, Dequito, Atwater, and Ballinger. The court held that those claims were all barred by the doctrine of collateral estoppel. The court stayed Pierce's claims pending the resolution of those claims in the Federal Action.

In October 2022, Pierce settled her remaining claims in the Federal Action. Pierce and the District then agreed to the entry of a consent order dismissing Pierce's claims with prejudice in this state court action. Thereafter, the five remaining plaintiffs filed this appeal from the February 14, 2020 order. Those same plaintiffs also filed an appeal with the United States Court of Appeals for the Third Circuit, challenging the dismissal of their claims asserted in the Federal Action.

6

On January 10, 2024, while this appeal was pending, the Third Circuit affirmed the federal district court's order granting summary judgment to defendants and dismissing all the remaining claims in the Federal Action. Goode v. Camden City Sch. Dist., No. 22-3044, 2024 WL 107887, at *1 (3d Cir. Jan. 10, 2024).

## II.

On this appeal, plaintiffs argue that the rulings by the federal court should not bar their LAD and CEPA claims because when the Law Division made its decision, the federal court's rulings were not final. That argument is no longer viable because the Third Circuit has now affirmed the district court's rulings, and those rulings are indisputably final. The district court's rulings on the LAD and CEPA claims against the individual defendants eliminate an essential element of plaintiffs' LAD and CEPA claims against the District. Consequently, plaintiffs' LAD and CEPA claims against the District are barred by collateral estoppel.

Whether collateral estoppel applies is a question of law, which we review de novo. Gannon v. Am. Home Prods., Inc., 414 N.J. Super. 507, 523-24 (App. Div. 2010), rev'd on other grounds, 211 N.J. 454 (2012). Moreover, as this issue arose on a motion to dismiss, we use a de novo standard of review. Baskin v.

A-0998-22

P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)); Stop & Shop Supermarket Co. v. County of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017); Rezem Fam. Assocs. v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011).

Collateral estoppel, which is also referred to as issue preclusion, "bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action." In re Liquidation of Integrity Ins. Co., 214 N.J. 51, 66-67 (2013) (quoting N.J. Div. of Youth & Fam. Servs. v. R.D., 207 N.J. 88, 114 (2011)). "When the prior action is the subject of a prior federal court judgment, the binding effect of that judgment, whether applying principles of res judicata or collateral estoppel, is determined by the law of the jurisdiction that rendered it." Id. at 67.

Here, a federal court rendered the rulings that the District seeks to enforce; we, therefore, look to federal law, and specifically to the law as applied by the United States Court of Appeals for the Third Circuit, to determine the prior judgment's preclusive effect. Ibid.; see also Gannon, 211 N.J. at 471. In the

A-0998-22

Third Circuit, collateral estoppel applies when the party asserting the doctrine establishes that:

> (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.
>
> [Bestwall LLC v. Armstrong World Indus., Inc. (In re Bestwall LLC), 47 F.4th 233, 243 (3d Cir. 2022) (quoting Doe v. Hesketh, 828 F.3d 159, 171 (3d Cir. 2016)).]

There is no dispute that identical issues necessary to assert claims under the LAD and the CEPA were decided in the Federal Action. To support their claims under the LAD, plaintiffs must demonstrate adverse employment actions. Ali v. Woodbridge Twp. Sch. Dist., 957 F.3d 174, 180 (3d Cir. 2020). The federal court, however, found that plaintiffs had not established adverse employment actions related to their resignations or paid administrative leave with the District. To support their CEPA claims, plaintiffs must demonstrate a whistleblower activity on a matter of public concern. Fraternal Ord. of Police, Lodge 1 v. City of Camden, 842 F.3d 231, 240 (3d Cir. 2016). The federal court determined that Goode, who was the only plaintiff asserting a CEPA claim in

 A-0998-22

both the Federal Action and this action, could not demonstrate that she had engaged in a whistleblowing activity on a matter of public concern.

There is also now a final judgment on the merits of the LAD and CEPA claims. When the District Court rendered its decision, its ruling likely constituted a final judgment on the merits under federal law. See Free Speech Coal., Inc. v. Att'y Gen. of the U.S., 677 F.3d 519, 541 (3d Cir. 2012). Nevertheless, we need not dwell on that issue. The Third Circuit has now affirmed the district court's rulings and they are, therefore, indisputably final.

Plaintiffs also cannot dispute that they were parties against whom the prior adjudication was entered and that they had a full and fair opportunity to litigate the issues in question. Indeed, plaintiffs were also plaintiffs in the Federal Action. They had a full and fair opportunity to litigate whether they could establish adverse employment actions under the LAD and whistleblower activity under the CEPA. Under well-established principles of collateral estoppel, plaintiffs cannot now relitigate those same issues in another forum. The Law Division, therefore, correctly dismissed the LAD and CEPA claims against the District.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-0998-22