**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1278-22

JOAN VANUCCI,

    Plaintiff-Appellant,

v.

DR. SAMUEL D. SCHENKER,
M.D.,

    Defendant-Respondent.

_____

> Submitted March 18, 2024 – Decided April 12, 2024
>
> Before Judges Mawla and Marczyk.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1401-21.
>
> Gary W. Moylen, attorney for appellant.
>
> Ronan, Tuzzio & Giannone, attorneys for respondent (Jennifer N. Cortopassi, of counsel and on the brief; Jack Edwin Potash, on the brief).

PER CURIAM

Plaintiff Joan Vanucci appeals from the trial court's March 21, 2022 order dismissing her complaint with prejudice for failing to provide an affidavit of merit ("AOM") under the New Jersey Medical Care Access and Responsibility and Patients First Act, N.J.S.A. 2A:53A-37 to -42. We vacate and remand for further proceedings consistent with this opinion.

I.

This is a medical malpractice action. Defendant Dr. Samuel Schenker operates the "Pain Institute of Central Jersey and Neurology" in Toms River. Plaintiff asserts defendant failed to timely refer her for a neurosurgical consult despite being diagnosed with a large posterior disc herniation at L4-L5. Eventually, plaintiff was admitted to a hospital where she underwent a hemilaminectomy, foraminotomy, and discectomy. Plaintiff contends, notwithstanding the surgery, she "now has severe and permanent spinal injuries as a result of [d]efendant's negligence which have caused severe functional disabilities, including difficulty in walking, climbing stairs, running[,] and other normal activities of life."

Plaintiff filed a complaint in May 2021. Defendant filed an answer in October 2021. Plaintiff subsequently served an AOM signed by Dr. Avrom

Brown on February 14, 2022. On February 28, 2022, defendant moved to dismiss the complaint, arguing plaintiff failed to supply a "compliant" AOM.

On March 2, 2022, a notice was uploaded on the electronic eCourts filing system ("eCourts") advising the parties defendant's motion would be decided on April 1, 2022. For an unknown reason, an eCourts notice uploaded later that day stated the motion would be decided on March 18, 2022.

On March 21, 2022, the trial court dismissed plaintiff's complaint with prejudice. On March 24, 2022, apparently not realizing the court had dismissed her complaint, plaintiff opposed the motion. At some point, plaintiff recognized her complaint had been dismissed, and she took steps to file an appeal in May 2022. Her initial attempt to file an appeal was unsuccessful. In January 2023, we granted plaintiff's motion to file a notice of appeal as within time.

## II.

Plaintiff principally contends the trial court improperly granted defendant's motion to dismiss on March 21, 2022, prior to the appropriate return date of April 1, 2022. She asserts that by prematurely granting the motion, the

court "depriv[ed] [her] of the opportunity to submit papers in opposition and to be heard on the matter."[1]

We apply a de novo standard of review to trial court orders dismissing a complaint under Rule 4:6-2(e). See Stop & Shop Supermarkets Co. v. Cty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017). Under the rule, we owe no deference to the motion judge's conclusions. Rezem Fam. Assocs. v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011).

The primary issue we address is the procedure by which the motion was considered by the trial court. Defendant filed his motion to dismiss pursuant to Rule 4:6-2,[2] which in pertinent part, provides: "[a] motion to dismiss based on [a failure to state a claim upon which relief can be granted], and any opposition thereto, shall be filed and served in accordance with the time frames set forth in [Rule] 4:46-1." (Emphasis added).

Rule 4:46-1, in part, provides:

> [U]nless the court otherwise orders, a motion for
> summary judgment shall be served and filed not later

---

[1] This argument is derived from the fact section of plaintiff's merits brief and the legal argument section of her reply brief. Plaintiff's merits brief focuses on her request to allow her late appeal to be considered nunc pro tunc. As noted above, we already granted that application.

[2] "If the plaintiff fails to provide an affidavit . . . it shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29.

than [twenty-eight] days before the time specified for the return date; opposing . . . briefs . . . shall be served and filed not later than [ten] days before the return date; and answers or responses to such opposing papers or to cross-motions shall be served and filed not later than four days before the return date. No other papers may be filed without leave of court.

Until recently, motions to dismiss under <u>Rule</u> 4:6-2(e) were governed by the time frame for set forth in <u>Rule</u> 1:6-3. That is, these motions had the same sixteen-day return period as ordinary motions. Now, motions to dismiss have the same twenty-eight-day return period as summary judgment motions in accordance with <u>Rule</u> 4:46-1. The comments to <u>Rule</u> 4:6-2 note:

These motions are often complex and consequential in much the same fashion as a motion for summary judgment and the motion, in fact, is convertible into a summary judgment motion . . . . As a result the [sixteen-]day cycle for service and response of [<u>Rule</u>] 1:6-3 was frequently insufficient and adjournments had been routinely granted. The [<u>Rule</u>] now provides instead for the [twenty-eight-]day cycle of [<u>Rule</u>] 4:46-1 (summary judgment). <u>See also</u> <u>R.</u> 1:6-3(a).[3]

[Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 4.1.1 on <u>R.</u> 4:6-2 (2024).]

The comments to <u>Rule</u> 4:46-1 further explain:

---

[3] Contrary to plaintiff's assertions, her opposition to the motion was not filed in a timely manner as it should have been filed by March 22, 2022, not March 24, 2022. Nevertheless, even if the opposition had been filed on March 22, the court had already granted the motion.

A motion for summary judgment must be filed and served at least [twenty-eight] days before its return date. This four-week period is based on the recognition that the movant effectively has all the time needed to prepare the motion papers. It was therefore patently unfair to apply the time frames of [Rule] 1:6-3(a), which give the respondent only [eight] days in which to file and serve the response. Requiring the movant to file and serve [twenty-eight] days before the return date rather than the [sixteen] days provided for by [Rule] 1:6-3(a) consequently affords the respondent approximately three weeks for response, thereby relieving [them] of having to rely on the court's discretion in granting an adjournment to permit proper preparation of defense to the motion.

[Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:46-1 (2024).]

"When granting a motion [that] will result in the dismissal of a plaintiff's case . . . , the motion is subject to Rule 4:46, the rule that governs summary judgment motions." Seoung Ouk Cho v. Trinitas Reg'l Med. Ctr., 443 N.J. Super. 461, 471 (App. Div. 2015). A trial court "should assure itself that the parties have had a reasonable opportunity to obtain and submit material information to the court" before granting summary judgment. Ziegelheim v. Apollo, 128 N.J. 250, 264 (1992). "Fundamentally, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner." Doe v. Poritz, 142 N.J. 1, 106 (1995).

A-1278-22

Here, because defendant's motion was filed under Rule 4:6-2(e), it was subject to the timing requirements of Rule 4:46-1. Defendant's motion to dismiss was filed on February 28, 2022. On March 2, the notice on eCourts initially stated that the motion would be decided on April 1, but was subsequently changed to March 18. Thereafter, the trial court dismissed plaintiff's complaint, with prejudice, likely because no opposition was filed as of March 21, 2022. There was no explanation on eCourts as to why the return date for defendant's motion was changed from April 1, 2022 to March 18, 2022.

Because of these procedural infirmities, we assume the court was presented with the unopposed motion without being advised the return date had been changed. The modification of the return date, however, impacted plaintiff's ability to oppose the motion. In turn, this prevented the court from considering the merits of the motion.

As noted above, we are mindful plaintiff filed her opposition two days late. However, we are certain the court would have considered the brief under these circumstances. In Tyler v. New Jersey Automobile Full Insurance Underwriting Ass'n, we cautioned against trial courts refusing to consider motion papers that were filed late but were available to the court before the return date, stating:

It is a mistaken exercise of judgment to close the courtroom doors to a litigant whose opposition papers are late but are in the court's hands before the return day for a motion which determines the meritorious outcome of a consequential lawsuit. "Swift justice demands more than just swiftness." Late filings of motion papers can be met with a variety of judicial responses afforded by existing court rules. Among them are sanctions designed to discourage late filings without determining the outcome of a case.

[228 N.J. Super. 463, 468 (App. Div. 1988) (internal citation omitted) (quoting Henderson v. Bannan, 256 F.2d 363, 390 (6th Cir. 1958) (Stewart, J., dissenting)).]

For these reasons, we remand this matter to the trial court to consider the substance of plaintiff's opposition to the motion to dismiss.

Although we are remanding this matter, we note that the parties have advanced several arguments regarding the sufficiency of Dr. Brown's AOM. Defendant argues Dr. Brown was not qualified to author an AOM against him because Dr. Brown is not a specialist in pain management. Plaintiff counters that Dr. Brown, like defendant, is certified by the American Academy of Pain Management, and his curriculum vitae references pain management as an area of practice. Moreover, plaintiff argues the name of Dr. Brown's practice—"Advanced Urgent Care and Pain Management"—is further evidence of his work in the area of pain management. Furthermore, plaintiff notes that neither defendant nor Dr. Brown is board certified in pain management and that Dr.

8

Brown's "credentials and medical practice[] are approximately the same" as defendant's.

Whether Dr. Brown is appropriately qualified to provide an AOM as to defendant was not squarely addressed by the court. Again, it appears the trial court granted defendant's motion because it was unopposed, not based on the sufficiency of Dr. Brown's AOM. Accordingly, plaintiff's opposition and Dr. Brown's AOM should first be considered by the trial court, where it will have a more robust record on which to address this issue.

Our decision to remand should not be construed as an expression of an opinion regarding the merits of defendant's motion. To the extent we have not specifically addressed any other arguments raised on the appeal, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1278-22