**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3290-21

THOMAS NUSCIS,

    Plaintiff-Appellant,

v.

JOHN KEE and NEW JERSEY
DIVISION OF TAXATION,

    Defendants-Respondents.

_____

Submitted November 8, 2023 – Decided April 23, 2024

Before Judges Sumners and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0440-18.

Jacobs & Barbone, PA, attorneys for appellant (David A. Castaldi, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondents (Melissa H. Raksa, Assistant Attorney General, of counsel; Justine Marie Longa, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff appeals from the Law Division's dismissal of his civil rights complaint against the Division of Taxation (Division) and one of its employees. The Law Division applied the entire controversy doctrine (ECD) to reach its conclusion. For the reasons which follow, we affirm the dismissal, but on different grounds than the trial court. See Brown v. Brown, 470 N.J. Super. 457, 463 (App. Div. 2022) (noting "we review orders and not opinions"). Specifically, we affirm the state's motion to dismiss because we find a lack of subject matter jurisdiction.

I.

In 2015, the Division commenced an audit of plaintiff's business. Co-defendant, John Kee, a Division employee, oversaw the audit. The audit lasted ten months, and acrimony developed between plaintiff and Kee during their frequent interactions. During this period, plaintiff locked Kee out of his business, and Kee admitted that he told plaintiff, "[t]he harder you are on me, the harder it's going to be on you in the end." In October 2016, the Division conducted a post-audit conference that ended abruptly when Division representatives, including Kee, believed plaintiff was recording them without their knowledge or consent.

2

On December 7, 2017, the Division issued a final administrative decision fixing the amount of corporate and personal taxes plaintiff and his spouse owed to the State at $70,000. On February 27, 2018, plaintiff sued the Division in the Tax Court, challenging its assessment.[1]

On October 18, 2018, plaintiff filed a second complaint, but in the Law Division. Plaintiff alleged the Division and co-defendant Kee violated his rights under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, by a combination of intentional and negligent acts during the course of plaintiff's audit. Defendants unsuccessfully moved to dismiss the civil rights complaint for failure to state a claim pursuant to Rule 4:6-2(e), or in the alternative, remove the matter to Tax Court. After the trial court denied defendants' motion, plaintiff amended his complaint to incorporate the allegation that defendants also violated the State Tax Uniform Procedure Law (The Taxpayer Bill of Rights), N.J.S.A. 54:48-1, -7.

Defendants filed a second motion to dismiss, which the trial court granted, after finding several grounds for dismissal not relevant here. Plaintiff filed for reconsideration of the court's February 7, 2022 order. Noting the unusual procedural posture of the case and the risk of inconsistent outcomes due to

---

[1] Plaintiff's Tax Court appeal, docket no. 001468-2018, is currently pending.

A-3290-21

plaintiff "proceeding in two different cases in two different courts . . . ," the court found dismissal was appropriate, but narrowed its grounds to a single rationale, the ECD. Plaintiff filed a second motion for reconsideration and following oral arguments, the court again denied plaintiff's motion.

On appeal, plaintiff seeks reversal, arguing that he has the right to pursue his civil rights claim in the Law Division, separate and apart from his Tax Court appeal, and that the trial court erred by dismissing the complaint using the ECD.

II.

"We apply a de novo standard of review to a trial court order dismissing a complaint under Rule 4:6-2(e)." Arsenis v. Borough of Bernardsville, 476 N.J. Super. 195, 205 (App. Div. 2023) (citing Stop & Shop Supermarkets Co. v. Cty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017)). "Under the rule, we owe no deference to the motion judge's conclusions." Ibid. (citing Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011)). We limit our inquiry to "examin[ing] 'the legal sufficiency of the facts alleged on the face of the complaint.'" Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). As such, "[a] pleading should be dismissed if it states no basis for relief and

discovery would not provide one."  Arsenis, 476 N.J. Super. at 205 (quoting Rezem Fam. Assocs., 423 N.J. Super. at 113).

Subject matter jurisdiction involves "a threshold determination as to whether [a court] is legally authorized to decide the question presented." Robertelli v. N.J. Office of Att'y. Ethics, 224 N.J. 470, 479 (2016) (quoting Gilbert v. Gladden, 87 N.J. 275, 280-81 (1981)).  When a court lacks subject matter jurisdiction, its authority to consider the case is "wholly and immediately foreclosed."  Ibid.

### III.

We affirm the order dismissing plaintiff's civil rights complaint with prejudice; however, we engage in a different analysis.

N.J.S.A. 54:49-18(a) states in pertinent part:

> If any taxpayer shall be aggrieved by any finding or assessment of the director, he may, within 90 days after the giving of the notice of assessment or finding, file a protest in writing signed by himself or his duly authorized agent, certified to be true, which shall set forth the reason therefor, and may request a hearing. Thereafter the director shall grant a hearing to the taxpayer, if the same shall be requested, and shall make a final determination confirming, modifying[,] or vacating any such finding or assessment.
>
> . . . .

The time for appeal to the Tax Court . . . shall commence from the date of the final determination by the director.

Rule 2:2-3(a)(1) governs appeals taken from orders of the Tax Court. It states in pertinent part: "appeals may be taken to the Appellate Division as of right . . . from final judgments of . . . the Tax Court."

We have considered our exclusive role in reviewing appeals of administrative agency actions, stating:

> "Judicial review of administrative agency action is a matter of constitutional right in New Jersey." Pursuant to that constitutional provision, the Supreme Court adopted Rules 2:2-3 and 2:2-4, vesting the Appellate Division with exclusive jurisdiction for the review of administrative agency action and inaction, "with the intention that every proceeding to review the action or inaction of a state administrative agency would be by appeal to the Appellate Division."
>
> The exclusivity of our jurisdiction may not be circumvented by framing a claim as one ordinarily presented in the trial court, such as actions in lieu of prerogative writs or declaratory judgments, or through procedural maneuvers such as consolidating an administrative action with a legal action in the trial court.
>
> [N.J. Election Law Enf't Comm'n v. DiVencenzo, 451 N.J. Super. 554, 568-9 (App. Div. 2017) (internal citations omitted).]

6

The principles we articulated in DiVencenzo resonate clearly with the facts before us and are dispositive. The trial court's effort to address the matter using an entire controversy analysis was misplaced, as the court had no jurisdiction, on this record, to entertain any complaint by plaintiff related to the tax audit. The record shows plaintiff was aggrieved by the audit findings and assessments of the Division and one of its employees, John Kee. Plaintiff's position was, and remains, that Kee's alleged hostility towards him can somehow be linked to the accuracy of the Division's audit.

Plaintiff's statutory remedy—when contesting the accuracy of the Division's audit—is limited to appealing from the Division's final administrative decision. We have exclusive jurisdiction over such appeals, and our jurisdiction "does not turn on the theory of the challenging party's claim or the nature of the relief sought." Beaver v. Magellan Health Servs., Inc., 433 N.J. Super. 430, 442 (App. Div. 2013) (quoting Mutschler v. New Jersey Dept. of Environmental Protection, 337 N.J. Super 1, 9 (App. Div. 2001)). Plaintiff's attempt to bootstrap complaints about the results of his tax audit to the New Jersey Civil Rights Act in order to purchase a foothold in the Law Division does not change the outcome. And our exclusive jurisdiction only "extends to claims that are

A-3290-21

joined with claims that are within the jurisdiction of another court or division of this court."  Ibid. (citation omitted).

While we find the trial court was unable to consider this matter due to lack of subject matter jurisdiction, we add the following brief comment.  Our New Jersey Civil Rights Act jurisprudence does not countenance actions against the State itself.  We have found that the State is not a person for purposes of the Act and "is immune from a suit for damages under the [New Jersey] Civil Rights Act."  Brown v. State, 442 N.J. Super. 406, 426 (App. Div. 2015) rev'd on other grounds 230 N.J. 84 (2017).  As to co-defendant Kee, our careful review of this record reveals no facts which would defeat his affirmative defense of qualified immunity.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.").

To the extent we have not addressed any arguments by plaintiff, it is because they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3290-21