**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0637-22

JAMES H. DREVS and
PATRICIA HENDERSON,

      Plaintiffs-Appellants,

v.

METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY,

      Defendant-Respondent.

_____

Submitted December 18, 2023 – Decided April 4, 2024

Before Judges Gilson and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1258-22.

Jay L. Edelstein (Edelstein Law, LLP), attorney for appellants.

Marshall, Dennehey, Warner, Coleman & Goggin, attorneys for respondent (David Daniel Blake, III and Walter F. Kawalec, III, on the brief).

PER CURIAM

Plaintiffs James H. Drevs and Patricia Henderson appeal from the October 11, 2022 order of the Law Division dismissing with prejudice their complaint seeking insurance coverage for storm damage to their real property.  We affirm.

I.

Plaintiffs own property in Cherry Hill, which has a home and an inground swimming pool.  In 2020, the property was insured under a policy issued by Farmers Property and Casualty Insurance Company, formerly known as defendant Metropolitan Property and Casualty Insurance Company.

On or about July 6, 2020, a windstorm and significant rainfall damaged plaintiffs' home and swimming pool.  Plaintiffs filed two claims for insurance coverage with defendant arising from the storm:  the first claiming damage to the roof of their home and the second claiming a partial collapse of their inground pool.  The record does not contain the date on which plaintiffs submitted their claims.

Defendant undertook an investigation of plaintiffs' claims.  It hired an engineering firm to investigate the cause of the partial collapse of the pool.  A September 4, 2020 report from the engineering firm concluded the pool damage was caused by excessive hydrostatic pressure from significant rainfall during the July 6, 2020 storm.

2

On September 14, 2020, a claims coordinator employed by defendant sent plaintiffs a letter denying their claim for coverage of the damage to the pool. The letter stated:

> We have reviewed your policy and believe we have sufficient information at this time to make a proper decision regarding your claim.
>
> After a careful evaluation of the facts, we can only conclude that this loss is not covered under your policy. We must therefore, respectfully decline to make any payment of this claim. Our decision is based on the following language in your policy.

After identifying and reciting the provisions of the policy on which defendant relied to deny coverage, the letter continued:

> Since your policy doesn't provide coverage for damage caused by ground water, ground movement, or wear and tear, we must respectfully decline to provide coverage for your pool.
>
> We hope this information explains our position. You should also be aware that no lawsuit or action may be brought against us by you unless there has been full compliance with all of the policy terms. Please refer to your policy for the specific time limitation to file suit. This letter is not intended as a waiver of any of the terms and provisions/conditions of your insurance policy with us.
>
> If you believe that any facts have been overlooked in reaching this decision, please call me.

3

On October 27, 2020, the claims coordinator issued a check to plaintiffs for the covered portion of the loss from the damaged roof of their home. The accompanying letter stated that issuance of the check "concludes our handling of your loss and should be considered a final settlement."

On April 22, 2021, plaintiffs' attorney wrote to the claims coordinator. The letter, which contained the claim number associated with both of plaintiffs' storm-related claims, stated:

> Please be advised this firm represents the legal interests of James H. Drevs and Patricia Henderson in regard to the above[-]referenced claim.
>
> It is my understanding that you are the MetLife Insurance Company claims representative assigned to manage my client's (sic) claim from this loss. Please advise my office should you require any additional information and/or documentation regarding my client's (sic) claim at this time.
>
> Finally, please direct any and all future communications in this matter to my attention.
>
> Thank you for your prompt attention and anticipated cooperation in this matter.

On April 26, 2021, the claims coordinator sent plaintiffs' counsel a letter stating "[w]e are in receipt of your letter of representation. Because I will be handling this file, please direct all correspondence to my attention. If you have any questions, please call me."

4

On May 19, 2022, plaintiffs filed a complaint in the Law Division against defendant alleging breach of contract and bad faith in its denial of plaintiffs' claim for coverage for the damage to their pool.[1]

Defendant moved to dismiss the complaint pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief could be granted. It argued that in light of a clause in the policy providing that "any suit or action seeking coverage must be brought within twelve months of the loss[,]" plaintiffs' complaint was untimely filed. Defendant argued that the one-year contractual period began on July 6, 2020, the date of the loss, and was tolled while defendant investigated plaintiffs' claim for coverage of the pool damage. See Peloso v. Hartford Ins. Co., 56 N.J. 514, 521 (1970). According to defendant, the one-year period began running again on September 14, 2020, when it denied plaintiffs' pool damage claim. Defendant argued that because the complaint was filed on May 19, 2022, a year and eight months after September 14, 2020, it was time barred.

In the alternative, defendant argued that the limitations period, tolled during the investigation of both of plaintiffs' claims arising from the July 6, 2020 storm, began running again on October 27, 2020, when defendant sent plaintiffs

---

[1] The complaint contains no allegations with respect to plaintiffs' claim for coverage of the damage to their house.

a check resolving their claim for damages to their home. Even considering the later date for restarting the limitations period, defendant argued, the complaint was filed a year and seven months after denial of plaintiffs' claims.

Defendant attached several documents to its moving papers: (1) the letter denying plaintiffs' claim for coverage of the pool damage; (2) the engineering inspection report; (3) the policy; and (4) the letter accompanying the check defendant issued to plaintiffs for damage to their home.

Plaintiffs opposed the motion. They argued the April 2021 exchange of correspondence between their counsel and the claims coordinator establish that the parties were in ongoing negotiations with respect to plaintiffs' claim for coverage of the pool damage. Thus, plaintiffs argued, their complaint was timely filed. In addition, plaintiffs objected to defendant's reliance on documents not mentioned in, or attached to, the complaint. They argued that defendant's motion should be converted to one for summary judgment.

On October 11, 2022, the trial court issued an oral opinion granting defendant's motion. The court concluded it could consider the documents submitted in support of defendant's motion because the policy was mentioned in the complaint and the other documents form the basis of the claims plaintiffs alleged in the complaint.

A-0637-22

On the merits, the court found the parties did not dispute that the contractual one-year limitations period applied to plaintiffs' claim for coverage of the pool damage or that the tolling period applied while plaintiffs' claims were under investigation. The court concluded that the one-year period, which began on July 6, 2020, was tolled until September 14, 2020, when defendant denied plaintiffs' claim for coverage of the pool damage. The court concluded that because the complaint was filed on May 19, 2022, well more than a year after the denial of plaintiffs' claim, the complaint was time barred. An October 11, 2022 order memorializes the trial court's ruling.

This appeal followed. Plaintiffs argue: (1) the trial court improperly considered documents outside of the pleadings when deciding defendant's motion; (2) the September 14, 2020 letter did not conclusively deny their claim for coverage for damage to their pool because it stated that plaintiffs could contact the claims coordinator if they believed defendant overlooked any facts when making its decision to deny coverage; (3) the April 2021 letters are evidence of ongoing negotiations between the parties with respect to plaintiffs' pool damage claim; and (4) the count of their complaint alleging bad faith is not subject to the contractual limitations period because it does not seek coverage under the policy.

A-0637-22

## II.

We apply a de novo standard of review to a trial court's order dismissing a complaint under Rule 4:6-2(e). See Stop & Shop Supermarket Co., LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017) (quoting Teamsters Loc. 97 v. State, 434 N.J. Super. 393, 413 (App. Div. 2014)). Under the rule, we owe no deference to the motion judge's conclusions. Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011). Our "inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citing Rieder v. Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)). "A pleading should be dismissed if it states no basis for relief and discovery would not provide one." Rezem Family Assocs., LP, 423 N.J. Super. at 113 (citing Camden Cnty. Energy Recovery Assoc., LP v. N.J. Dep't of Env'l. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd, 170 N.J. 246 (2001)).

However,

> [i]f, on a motion to dismiss based on defense (e), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R. 4:46, and all parties shall be given reasonable notice of the court's intention to treat the motion as one for

> summary judgment and a reasonable opportunity to present all material pertinent to such a motion.
>
> [R. 4:6-2.]

"A court may consider documents specifically referenced in the complaint 'without converting the motion into one for summary judgment.'" Myska v. N.J. Mfs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) (quoting E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n. 1 (App. Div. 2003)). "In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (quoting Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir. 2004)). "It is the existence of the fundament of a cause of action in those documents that is pivotal . . . ." Teamsters Local 97, 434 N.J. Super. at 412-13 (quoting Banco Popular, 184 N.J. at 183) (internal quotations omitted).

We have carefully reviewed the record in light of these principles and find no basis on which to reverse the trial court's order. We see no error in the trial court's resolution of defendant's motion without converting it to one for summary judgment. Plaintiffs' policy is referenced in the complaint. The correspondence from defendant denying plaintiffs' pool damage claim and granting their claim for damages to their house form the basis of plaintiffs'

9

claims. The April 2021 letters were produced by plaintiffs to support their allegation that the parties were in ongoing negotiations with respect to their claim for coverage of the pool damage. Plaintiffs do not dispute the authenticity or contents of any of these documents.[2]

Even if the trial court had converted defendant's motion to one for summary judgment, plaintiffs have not identified any document or other evidence they would have produced in opposition to such a motion. They proffered no support apart from the April 2021 letters for their claim that the parties were in ongoing negotiations when they filed the complaint.

With respect to the substance of the trial court's decision, the September 14, 2020 letter unequivocally denies plaintiffs' claim for coverage of the damage to their pool. That the claims coordinator invited plaintiffs to contact him if they believed defendant had overlooked any facts when denying their claim does not in any way indicate that plaintiffs' claim remained open. Moreover, plaintiffs produced no evidence that they contacted the claims coordinator after receipt of the September 14, 2020 letter to inform him of their belief defendant overlooked facts when denying their pool damage claim.

---

[2] The trial court also reviewed the engineering report. It did not, however, rely on that document in reaching its decision because the cause of the damage to plaintiffs' pool was not germane to the timeliness of their complaint.

The first time after the September 14, 2020 letter that plaintiffs contacted the claims coordinator was through their counsel's April 22, 2021 letter. That communication merely identified plaintiffs' attorney and requested any further communications from defendant be sent to him. The April 26, 2021 response acknowledged receipt of the attorney's letter and stated that any further correspondence on behalf of plaintiffs be sent to the claims coordinator. Plaintiffs produced no evidence the parties engaged in discussions, correspondence, or any other type of interaction in the seven months between defendant's denial of plaintiffs' pool damage claim and this exchange of correspondence. Nor did plaintiffs produce any evidence that the parties engaged in ongoing negotiations after the April 2021 letters were exchanged.

The record supports the trial court's determination that the one-year contractual limitations period began on July 6, 2020, was paused while defendant investigated plaintiffs' pool damage claim, and again started running on September 14, 2020, when defendant denied plaintiffs' claim. As the Supreme Court explained, a claims limitations period in an insurance policy is to be interpreted by the courts "to allow the period of limitation to run from the date of the casualty but to toll it from the time an insured gives notice until liability is formally declined." Peloso, 56 N.J. at 521. Although the record

A-0637-22

contains no evidence establishing the date on which plaintiffs filed their claim, and therefore, the date on which the one-year limitations period started to be tolled, it is undisputed that more than one-and-a-half years passed between the September 14, 2020 denial of plaintiffs' pool damage claim and the May 19, 2022 filing of the complaint.

We are not persuaded by plaintiffs' argument that their bad faith claim is not subject to the contractual limitations period. According to the complaint, plaintiffs' bad faith claim is based on, among other things, defendant's "failure to properly investigate [p]laintiffs' claim," "failure to properly consider evidence supplied by [p]laintiffs in support of their claim," "making unreasonable denial of [p]laintiffs' claim[,]" and "forcing [p]laintiffs to file suit to recover insurance benefits owed to them . . . ." Plaintiffs' bad faith claim is a thinly veiled attempt to recast their denial of coverage claim to avoid the contractual limitations period. We note as well that a bad faith claim may not be asserted by a party who cannot establish a right to payment of the claim as a matter of law. See Badiali v. New Jersey Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015). Because plaintiffs filed an untimely complaint challenging the denial of their claim, they cannot prove they are entitled to coverage for the damage to their pool. Plaintiffs

A-0637-22

are, therefore, also barred from asserting a bad faith claim against defendant for denying that coverage.

To the extent we have not specifically addressed any of plaintiffs' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0637-22